466 So.2d 1130 (1985)
David BRAUN d/b/a Marti International Corporation, Appellant,
v.
INTERCONTINENTAL BANK, Appellee.
No. 84-1463.
District Court of Appeal of Florida, Third District.
March 19, 1985.
Rehearing Denied April 22, 1985.
*1131 Ferdie & Gouz and Ainslee Ferdie and Jeffrey Solomon, Coral Gables, for appellant.
Salley, Barns, Pajon, Guttman & Del Valle and Deborah S. Chames, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
Braun, the plaintiff below, appeals a final summary judgment entered in favor of Intercontinental Bank (Intercontinental). We affirm.
Braun entered into an agreement with Griferia Marti, S.A. (Griferia), whereby Griferia agreed to ship plumbing fixtures to Miami where Braun would resell them. Braun agreed to obtain a $100,000 letter of credit in favor of Griferia. Braun ultimately had Intercontinental issue an irrevocable letter of credit in favor of Griferia. Subsequently, disputes arose between Braun and Griferia, and Braun, on numerous occasions, informed Intercontinental that he wished to cancel the letter of credit. Intercontinental correctly informed Braun that an irrevocable letter of credit could not be canceled or otherwise modified without the beneficiary's acquiesence or consent, see § 675.106(2), Fla. Stat. (1981), and that his only other option was to wait and see if the letter of credit expired by its own terms without being drawn upon.
Goods were eventually shipped and the documents required by the letter of credit were properly presented to Intercontinental. Braun accepted these documents and went to inspect the shipment. Intercontinental communicated the acceptance of the documents to Banco Hispano Americano, the bank in Spain through which Griferia was dealing. Braun's inspection revealed that the goods were nonconforming.
Braun filed this action against Intercontinental, Griferia and Banco Hispano Americano alleging, in a myriad of overlapping counts, fraud and misrepresentation by all the defendants. He sought rescission of the contract between himself and Griferia as well as cancellation of the letter of credit and an injunction against Intercontinental enjoining it from negotiating the letter of credit. Braun's motion for a temporary injunction against Intercontinental was denied, which denial was upheld by this court on appeal. This led Intercontinental to pay the letter of credit by liquidating the certificate of deposit Braun had posted as collateral. Braun then amended his complaint by adding counts of conversion, statutory theft and breach of contract, all of which dealt with Intercontinental's liquidation of the certificate of deposit.
Braun has received a judgment in his favor in the rescission action against Griferia. Braun entered into a stipulation of dismissal with Banco Hispano Americano. *1132 This leaves Intercontinental as the only remaining defendant of interest in this action.
The parties essentially agree that transactions involving letters of credit consist of at least three separate and distinct contracts: (1) The contract between the bank (Intercontinental) and its customer (Braun); (2) The contract between the buyer (Braun) and the seller (Griferia); and (3) The letter of credit itself, which is a contract between the bank (Intercontinental) and the beneficiary (Griferia). See Fidelity National Bank of South Miami v. Dade County, 371 So.2d 545 (Fla. 3d DCA 1979). All of the remedies sought by Braun against Intercontinental deal with this latter contract to which Braun is not a direct party.
The irrevocable letter of credit was issued by Intercontinental for the benefit of Griferia. Although Intercontinental was on notice that Braun wished to cancel the letter of credit, this wish could not be carried out without the consent of Griferia. § 675.106(2), Fla. Stat. (1981). Further, Intercontinental was obligated to deal with Braun in good faith, but was not responsible for the performance of the underlying contract between Braun and Griferia. § 675.109(1)(a), Fla. Stat. (1981). See Fidelity National Bank, 371 So.2d at 548 ("The obligation of the issuer of a letter of credit is entirely independent and unrelated to the underlying transaction between the beneficiary of the letter and its purchaser.").
All the documents required to be presented pursuant to the terms of the letter of credit were received by Intercontinental. On their face, the documents indicated that they were properly and timely presented as required in the letter of credit. See § 675.109(2), Fla. Stat. (1981). Since the documents received were in compliance with the requirements of the letter of credit, Intercontinental was required to honor the demand for payment made by Banco Hispano Americano through which Griferia had made demand. § 675.114, Fla. Stat. (1981). See Fidelity National Bank. The fact that Intercontinental was aware of the ongoing disputes between Braun and Griferia concerning their contract did not alter, or relieve it from carrying out, its obligation to honor the demand for payment. See § 675.114, Fla. Stat. (1981).
The efficacy of the letter of credit as a convenient and useful instrument of commerce would be severely damaged were the courts to hold the issuer to any duty beyond the ministerial ones of laying the instruments next to one another, and determining whether they precisely coincide. [citations omitted]
Fidelity National Bank, 371 So.2d at 548. Since Intercontinental duly honored the demand for payment it was entitled to immediate reimbursement through liquidation of the certificate of deposit Braun posted as collateral. § 675.114(3), Fla. Stat. (1981).
Accordingly, the summary judgment in favor of Intercontinental is affirmed.