481 So.2d 925 (1985)
TANDY BRANDS, INC., Appellant,
v.
MASTER MARKETING ASSOCIATION, INC., Boca Raton Land Development, Inc. and Sun Bank/Palm Beach County, N.A., Appellees.
Nos. 85-317, 85-318.
District Court of Appeal of Florida, Fourth District.
November 20, 1985.
Rehearing Denied February 11, 1986.
*926 John R. Beranek of Klein & Beranek, P.A., and Robert C. Ross of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant.
Mark B. Kleinfeld of Jones & Foster, West Palm Beach, for appellees-Master Marketing Ass'n and Boca Raton Land Development, Inc.
PER CURIAM.
This non-final appeal challenges two orders. The first denied the defendant/appellant's motion to dismiss for lack of jurisdiction. The second order enjoined the Sun Bank from honoring a draft on an irrevocable letter of credit. We affirm in part and reverse in part.
The record contains substantial competent evidence that appellant, a non-resident corporation, was engaging in business in Florida and that the present suit is connected with the conduct of that business. Thus, we affirm the trial court's denial of the defendant/appellant's motion to dismiss. See Moo Young v. Air Canada, 445 So.2d 1102 (Fla. 4th DCA), petition for review dismissed, 450 So.2d 489 (Fla. 1984); Shoei Safety Helmet Corp. v. Conlee, 409 So.2d 39 (Fla. 4th DCA 1981), dismissed, 421 So.2d 518 (Fla. 1982).
Turning next to the injunction against honoring the irrevocable letter of credit, we note the fundamental principle that "a bank's obligation under a letter of credit is totally independent of the underlying transaction." KMW International v. Chase Manhattan Bank, N.A., 606 F.2d 10, 15 (2d Cir.1979). The independence of the letter of credit from the underlying contract has been called the key to the commercial vitality of the letter of credit. See, e.g., United States v. Sun Bank, 609 F.2d 832 (5th Cir.1980); Pringle-Associated Mortgage Corp. v. Southern National Bank, 571 F.2d 871 (5th Cir.1978). Section 675.5-114(1), Florida Statutes (1983), specifies that an issuing bank must honor drafts or demands for payment under a letter of credit when the documents required by the letter of credit appear on their face to comply with the terms of the credit. An exception to the bank's obligation to honor an apparently conforming draft or demand for payment occurs when a required document is "forged or fraudulent or there is fraud in the transaction." § 675.5-114(2), Fla. Stat. (1983).
Plaintiff/appellee in the case at bar asserted fraud in the transaction as justification for the injunction. This concept was discussed by the Colorado Supreme Court in Colorado National Bank v. Board of County Commissioners, 634 P.2d 32, 39 (Colo. 1981). There, the court held:
Fundamentally, `fraud in the transaction,' ... must stem from conduct by the beneficiary of the letter of credit as against the customer of the bank. It must be of such an egregious nature as to vitiate the entire underlying transaction so that the legitimate purposes of the independence of the bank's obligation would no longer be served. `[I]t is generally thought to include an element of intentional misrepresentation in order to profit from another... .' This fraud is manifested in the documents themselves, and the statements therein, presented under the letter of credit. One court has gone so far as to say that only some *927 defect in these documents would justify a bank's dishonor.
(Citations omitted.)
Here, plaintiff/appellee has alleged that the defendant breached its contractual obligations by failing to properly market, package, ship and warehouse certain products. Even if established, such allegations would not support a finding of fraud in the transaction. See generally KMW International v. Chase Manhattan Bank, N.A., supra; Cappaert Enterprises v. Citizens and Southern International Bank, 486 F. Supp. 819 (E.D.La. 1980). Accordingly, we reverse the order enjoining Sun Bank from honoring a draft or demand against the irrevocable letter of credit issued in favor of the appellant.
AFFIRMED IN PART AND REVERSED IN PART.
ANSTEAD, LETTS and HURLEY, JJ., concur.