512 So.2d 1025 (1987)
SEA MANAGEMENT SERVICE, LTD., a Bermuda Entity, Appellant,
v.
CLUB SEA, Inc., a Florida Corp., Etc., Appellees.
No. 87-477.
District Court of Appeal of Florida, Third District.
September 1, 1987.
Rehearing Denied October 19, 1987.
Kelly, Black, Black, Byrne & Beasley and Lauri Waldman Ross, Miami, for appellant.
Mitchell, Harris, Horr and James N. Hurley, Kantor & Sapurstein and Bertram Sapurstein, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
*1026 PER CURIAM.
We reverse the trial court's order granting Universal National Bank's motion for strict interpleader, pursuant to Florida Rule of Civil Procedure 1.240, which effectively released Universal National Bank (Universal) from liability to Sea Management Service, Ltd. (SMS).
As SMS correctly points out, interpleader is not appropriate unless four conditions are satisfied:
(1) the claims must be dependent or have a common origin; (2) the same thing, debt (or duty) or stake must be claimed by the defendants; (3) the plaintiff must have no interest in the subject matter  that is, in strict interpleader as distinguished from a suit in the nature of interpleader; and (4) the plaintiff must be in a position of indifference, having incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder, and it must appear that no act on his part has caused the embarrassment of conflicting claims and the peril of double vexation.
Treasure Cay, Ltd. v. General Mica Corp., 489 So.2d 866, 867 (Fla. 3d DCA 1986) (quoting 30 Fla. Stat. Ann. 366-67 (1985) (authors' comment on Fla.R.Civ.P. 1.240)); accord Riverside Bank v. Florida Dealers & Growers Bank, 151 So.2d 834 (Fla. 1st DCA 1963).
Universal contends that the trial court correctly granted its motion for interpleader because it owed no independent liability under the letter of credit, which is the subject of this dispute. The letter of credit provided that Universal would pay funds to SMS only upon SMS's timely demand; demand would be timely if made before either April 18, 1987, or an earlier termination of the underlying charter-party. Universal claims that because its customer, Club-Sea, Panama, Inc. (Club-Sea) informed it on January 26, 1987, that the charter-party had been terminated, it properly refused to honor the letter of credit when SMS presented it on February 2, 1987. Universal argues that it therefore owed no independent liability under the letter of credit, and the trial court properly granted its motion for interpleader. We disagree.
An issuer of an irrevocable letter of credit owes a contractual obligation to the beneficiary of the letter of credit which is independent of, and unrelated to, the underlying contract between the beneficiary of the letter of credit and its purchaser. Braun v. Intercontinental Bank, 466 So.2d 1130 (Fla. 3d DCA 1985); Fidelity Nat'l Bank v. Dade County, 371 So.2d 545 (Fla. 3d DCA 1979). Absent fraud, once the beneficiary presents the requisite documents to the issuing bank, the bank must honor the letter of credit regardless of any dispute between the bank's customer and the beneficiary. Braun; Fidelity Nat'l Bank; § 675.114(1), Fla. Stat. (1985). An issuing bank is only required to perform the ministerial task of "laying the instruments next to one another and determining whether they precisely coincide" with those mandated by the terms of the letter of credit. Fidelity Nat'l Bank, 371 So.2d at 548; accord Braun, 466 So.2d at 1130; see § 675.114(1), Fla. Stat. (1985). Once SMS presented the requisite documents, which included an affidavit attesting to the fact that the charter-party had not been terminated, Universal had no option but to honor the letter of credit. Universal could not refuse to honor the irrevocable letter of credit based upon the notice of unilateral termination tendered by Club-Sea. Although Universal was aware that Club-Sea wished to terminate the charter-party, Universal could not cancel the letter of credit without first obtaining SMS's consent, where SMS had complied with the terms of the letter of credit, which, inter alia, required SMS to present an affidavit asserting that the charter-party had not been terminated. See Braun, 466 So.2d at 1132; § 675.106, Fla. Stat. (1985). As SMS correctly points out, the independence of the obligations under letters of credit from the underlying contracts they are used to finance is vital to their efficacy. See Tandy Brands, Inc. v. Master Marketing Assoc., 481 So.2d 925 (Fla. 4th DCA 1985).
Since Universal breached a contractual duty owed directly to SMS, it cannot *1027 be considered a disinterested party owing no independent liability to any claimant. Consequently, it did not satisfy the conditions necessary to establish its entitlement to interpleader relief. See Dallas Bank & Trust Co. v. Commonwealth Dev. Corp., 686 S.W.2d 226 (Tex. Ct. App. 1985); GATX Leasing Corp. v. DBM Drilling Corp., 657 S.W.2d 178 (Tex. Ct. App. 1983). Accordingly, the trial court's order granting Universal's motion for interpleader is reversed and the cause is remanded for further proceedings.