549 So.2d 197 (1989)
B.G.H. INSURANCE SYNDICATE, INC., Appellant,
v.
PRESIDENTIAL FIRE & CASUALTY COMPANY, et al., Appellees.
No. 89-208.
District Court of Appeal of Florida, Third District.
June 27, 1989.
Rehearing Denied October 13, 1989.
Fine, Jacobson, Schwartz, Nash, Block & England, and Joseph H. Serota and Robert C. Gilbert and Edward G. Guedes, Miami, for appellant.
Coffey, Aragon, Martin & Burlington and Kendall Coffey and Michael G. Shannon, Miami, for appellees.
Before NESBITT, JORGENSON and LEVY, JJ.
NESBITT, Judge.
This interlocutory appeal challenges an order enjoining Sun Bank from honoring a draft on an irrevocable letter of credit. We reverse.
Appellees, Presidential Fire & Casualty Company, Flamer & Company of San Francisco, American Excelsior Insurance Company and Transport & General Insurance Company, are reinsurers which have posted letters of credit as security for their obligations *198 to various insurance syndicates, including appellant, B.G.H. Insurance Syndicate, Inc. (BGH). Appellees sought injunctive relief based upon its claim that BGH was making false statements to Sun Bank in order to secure pay-down of the letters.
Irreparable harm and lack of an adequate remedy at law are both prerequisites to injunctive relief. Braun v. Intercontinental Bank, 452 So.2d 998 (Fla. 3d DCA 1984), review denied, 462 So.2d 1106 (Fla. 1985); see also Wilson v. Sandstrom, 317 So.2d 732 (Fla. 1975), cert. denied, Adler v. Sandstrom, 423 U.S. 1053, 96 S.Ct. 782, 46 L.Ed.2d 642 (1976). For injunctive relief purposes, irreparable harm is not established where the potential loss can be adequately compensated for by a monetary award. City of Miami Springs v. Steffen, 423 So.2d 930 (Fla. 3d DCA 1982); Florida Nat'l Bank v. General Electric Credit Corp., 429 So.2d 1247 (Fla. 5th DCA), review denied, Boehme v. Florida Nat'l Bank, 438 So.2d 831 (Fla. 1983); Supreme Serv. Station Corp. v. Telecredit Serv. Center, Inc., 424 So.2d 844 (Fla. 3d DCA 1982). In the instant case, appellees' ability to obtain a money judgment against BGH should a breach of contract be proven, is an adequate remedy at law. See Mary Dee's, Inc. v. Tartamella, 492 So.2d 815 (Fla. 4th DCA 1986); see also St. Lawrence Co., N.V. v. Alkow Realty, Inc., 453 So.2d 514 (Fla. 4th DCA 1984); Oxford Int'l Bank & Trust, Ltd. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980). As stated in Sea Management Serv., 512 So.2d at 1026:
An issuer of an irrevocable letter of credit owes a contractual obligation to the beneficiary of the letter ... which is independent of, and unrelated to, the underlying contract between the beneficiary... and its purchaser... . Once the beneficiary presents the requisite documents to the issuing bank, the bank must honor the letter of credit regardless of any dispute between the bank's customer and the beneficiary. (emphasis added) (citations omitted).
See also Devco Dev. Corp. v. Hooker Homes, Inc., 518 So.2d 922 (Fla. 2d DCA 1987), review denied, 525 So.2d 877 (Fla. 1988); Braun v. Intercontinental Bank, 466 So.2d 1130 (Fla. 3d DCA 1985).
As stated by Judge Schwartz in Fidelity Nat'l Bank v. Dade County, 371 So.2d 545, 548 (Fla. 3d DCA 1979):
A letter of credit amounts to an offer by the issuer to purchase certain documents. If those documents are not tendered, the offer is not accepted, and the issuer is not bound. The efficacy of the letter of credit as a convenient and useful instrument of commerce would be severely damaged were the courts to hold the issuer to any duty beyond the ministerial one of laying the instruments next to one another and determining whether they precisely coincide.
See also United States v. Sun Bank, 609 F.2d 832 (5th Cir.1980); Pringle-Associated Mortg. Corp. v. Southern Nat'l Bank, 571 F.2d 871 (5th Cir.1978).
Section 675.114(1), Florida Statutes (1987) specifies that an issuing bank must honor drafts or demands for payment under a letter of credit when the documents required by the letter of credit appear on their face to comply with the terms of the credit. An exception to the bank's obligation to honor an apparently conforming draft or demand for payment occurs when a required document is "forged or fraudulent or there is fraud in the transaction." § 675.114(2), Fla. Stat. (1987).
Plaintiffs/appellees in the case at bar asserted fraud as justification for the injunction. In Tandy Brands v. Master Mktg. Ass'n Inc., 481 So.2d 925 (Fla. 4th DCA 1985), the court determined that even if defendant's failure to properly market, package, ship, and warehouse certain products was established, such actions would not support a finding of fraud in the transaction. Similarly, we conclude that even if BGH made untimely claims to Sun Bank for funds due under its agreement with appellees, this action fails to constitute the type of misconduct required for a finding of fraud in the transaction. See generally, KMW Int'l v. Chase Manhattan Bank, 606 F.2d 10 *199 (6th Cir.1977); Chappaert Enters. v. Citizens and Southern Int'l Bank, 486 F. Supp. 819 (E.D.La. 1980); Colorado Nat'l Bank v. Board of County Comm'rs, 634 P.2d 32, 39 (Colo. 1981).
Accordingly, we reverse the order enjoining Sun Bank from honoring a draft or demand against the irrevocable letters of credit issued in favor of the appellant.