550 So.2d 98 (1989)
AMERICAN NATIONAL BANK, Appellant,
v.
CASHMAN BROTHERS MARINE CONTRACTING, Appellee.
No. 88-297.
District Court of Appeal of Florida, First District.
September 26, 1989.
John D. O'Brien, Panama City, for appellant.
Jacalyn N. Kolk of Hilton, Hilton, Kolk & Laing, P.A., Panama City, for appellee.
SMITH, Judge.
Appellant appeals from a summary judgment entered in a suit brought by the appellee for wrongful dishonor of a letter of credit. We reverse.
The appellant issued an irrevocable letter of credit to Hobbs Construction and Development Company for the benefit of the appellee, who was to tow a ship from Puerto Rico to Boston for Hobbs. The letter of credit specified two conditions of honor: the original letter and a document certifying the failure of Hobbs to make satisfactory payment. The letter of credit required that the certification be made in specific terms, as follows:
2. Beneficiary's signed affidavit dated the same as the draft as follows: "The Undersigned, being President or Treasurer of Cashman Brothers Marine Contracting Co., Inc., hereby certifies that Hobbs Construction and Development, Inc., has failed to make satisfactory arrangements for the payment of the towage of the dump scow ZB-1004 (O.N. 505974) from Puerto Rico to a port designated by us pursuant to paragraph 5 of the Charter Party between Weymouth Equipment Corporation and Hobbs Construction and Development, Inc., dated November 21, 1984 as amended." (Emphasis added.)
Appellee presented the letter for payment on the day before the letter was set to *99 expire. The requisite certifying document failed to precisely follow the language set out in the original letter, for it contained the additional words: "I have determined." The language of the affidavit submitted is as follows:
The Undersigned, being President or Treasurer of Cashman Brothers Marine Contracting Co., Inc., hereby certifies that I have determined that Hobbs Construction and Development, Inc., has failed to make satisfactory arrangements for the payment of towage of the dump scow ZB-1004 (O.N. 505974) from Puerto Rico to a port designated by us pursuant to paragraph 5 of the Charter Party between Weymouth Equipment Corporation and Hobbs Construction and Development, Inc., dated November 21, 1984, as amended. (Emphasis added.)
The appellant bank, upon receiving the original letter and the nonconforming document, deferred honor pursuant to section 675.112, Florida Statutes (1987). Upon being told that the bank was deferring honor, the appellee's counsel made a demand and then left the bank with the original letter in hand. Three days later, appellant notified the appellee through appellee's counsel that it was refusing to honor the letter because presentment was not made during the term of the letter, the affidavit tendered was nonconforming, and the term of the letter had expired. The appellee subsequently filed suit for wrongful dishonor seeking in damages the face value of the letter of credit. The trial court granted summary judgment in favor of the appellee, finding that the deviation of language did not affect the meaning of the affidavit and that the other reasons given for dishonor were simply without merit.
On appeal, the appellant asserts that it was entitled to deny honor because of the nonconforming language, citing Fidelity National Bank of South Miami v. Dade County, 371 So.2d 545 (Fla. 3d DCA 1979). The appellant also argues that presentment had been withdrawn when appellee's counsel left the bank with the original letter. Therefore, after the period of deferral provided by statute had expired, appellant had nothing to honor.
We consider first the latter argument. Section 675.112(1)(a) provides that upon presentment of a demand for payment, a bank may defer honor until the third banking day following receipt of the documents; a deferral is not the equivalent of dishonor. This is what the appellant did. According to appellant's arguments, the withdrawal of the original letter from the bank's custody, after the bank exercised its statutory right to defer honor, precluded honor of the letter inasmuch as honor could not be made, by the express terms of the letter, without the original. Appellee argues, on the other hand, that the appellant had a continuing obligation to honor the letter, following removal of the original from the bank's custody.
Upon review, we have difficulty in agreeing with appellant's argument that the summary judgment should be reversed on the theory that because the original letter and documents were withdrawn, the bank had the right to dishonor the letter. The record is clear that Cashman brought the original to the bank and delivered them to the bank manager, who made copies of the letter and accompanying documents, and returned the original to Cashman's representative. Although appellee Cashman has not made this argument, it is not clear that "presentment" under the UCC requires anything more.
Appellant argues that Chapter 675, Florida Statutes (1985), which provides the statutory framework for letters of credit, contemplates that original documents are to be left with the bank. Section 675.112(2) provides:
(2) Upon dishonor the bank may unless otherwise instructed fulfill its duty to return the draft or demand and the documents by holding them at the disposal of the presenter and sending him an advice to that effect.
The Official Comment 1 to section 5-112 of the Uniform Commercial Code, codified in Florida as section 675.112, states that the purpose of the deferral period is to allow the bank the opportunity to examine the documents. It does not appear to us that *100 the quoted statutory language, as illuminated by the official comment, requires that tendered originals be left with the bank. Further, it is not at all clear that the bank did not agree to removal of the originals, since for its purposes (examination of the documents) the copies would appear to suffice.
Turning to the first issue (nonconformity of the certifying document), appellant argues that the trial court applied the wrong standard in determining whether the affidavit was sufficient to comply with the terms of the letter of credit. As noted by appellant, the principal decision addressing this issue in Florida is Fidelity National Bank of South Miami v. Dade County, supra, which followed the majority rule in holding that the standard to be applied is that the beneficiary "must comply strictly with and without deviation from" the provisions of the letter of credit. Appellant further urges that the Fidelity rule prevents banks from "having to make judgment calls," while the standard applied by the trial court does not allow banks to determine with certainty when compliance with a letter of credit is sufficient.
Appellee contends that the trial court's decision did not depart from the holding of Fidelity, since the addition of the words "I have determined," in Cashman's affidavit, did not require appellant to determine a disputed question of fact or law. Appellee urges, furthermore, that the additional words were harmless, in that the disputed affidavit did certify the essential facts as required by the letter of credit, and the beneficiary of the letter was not, as appellant argues, certifying an opinion. Appellee urges adoption of a standard of "reasonable compliance," citing authorities which hold that an insignificant variation between a letter of credit requirements and the accompanying documents does not permit dishonor.
Although the trial court was of the view that substance should prevail over form, we are of the opinion that the very nature of a letter of credit demands strict conformance to form. A letter of credit is "an engagement by a bank or other person made at the request of a customer ... that the issuer will honor drafts or other demands for payment upon compliance with conditions specified in the credit... ." § 675.103(1)(a), Florida Statutes (1987); UCC, § 5-103(1)(a). A bank issuing a letter of credit has agreed to pay upon presentment of certain documents, and its obligation is to examine the documents for conformity with the terms expressed in the letter. As the court in Fidelity explained, the rule in nearly all jurisdictions is that there must be strict conformance with the terms of the letter of credit. 371 So.2d at 546-548. This is because "international financial transactions rest upon the accuracy of documents rather than the goods they represent." Banco Espanol de Credito v. State Street Bank & Trust Co., 385 F.2d 230, 234 (1st Cir.1967), cert. denied, 390 U.S. 1013, 88 S.Ct. 1263, 20 L.Ed.2d 163 (1968). Whether and to what extent the deviation did or did not alter the meaning of the certification is irrelevant under Fidelity and the cases cited therein. As one court put it,
[j]ust as the beneficiary is induced to enter the underlying transaction because it is assured payment under specific terms agreeable to it, so too the bank assumes a primary obligation in part because its commitment is clearly defined within the four corners of the letter. If courts deviate from the rule of strict compliance and insist in certain undefined situations that banks make payments notwithstanding the fact that the beneficiary failed to comply with the terms stipulated in the letter of credit, the certainty that makes this device so attractive and useful may well be undermined, with the result that banks may become reluctant to assume the additional risks of litigation.
Insurance Company of North America v. Heritage Bank, N.A., 595 F.2d 171, 176 (3d Cir.1979).
Although the trial court cited Fidelity, its holding was not followed. As noted by the Third District in that case, section 675.114(1) provides that an issuer "must honor a draft or demand for payment which complies with the terms of the relevant credit... ." *101 We agree with the Fidelity court and the cases cited in its opinion that this language, which tracks the UCC, means that a beneficiary "must comply very strictly with and without deviation from the provisions of a letter." 371 So.2d at 547. As in Fidelity, application of this standard to the transaction at hand requires reversal. As for appellee's argument that the terms of the letter were met inasmuch as the necessary facts were certified to, again we agree with the Fidelity court in rejecting a similar argument made in that case, that issuers are not obliged to employ an "interpretive process" to determine whether the necessary facts were indeed certified. See also, Braun v. Intercontinental Bank, 466 So.2d 1130 (Fla. 3d DCA 1985), Sea Management Service, Ltd. v. Club Sea, Inc., 512 So.2d 1025 (Fla. 3d DCA 1987), and Devco Development Corp. v. Hooker Homes, 518 So.2d 922 (Fla. 2d DCA 1987), rev. denied, 525 So.2d 877 (Fla. 1988).
Appellee correctly notes that some jurisdictions have moved away from the strict compliance standard. See, Banco Espanol, supra; Flagship Cruises, Ltd. v. New England Merchants National Bank of Boston, 569 F.2d 699 (1st Cir.1978) (variance between documents specified in a letter of credit and those submitted on presentment not fatal if there is no possibility that documents could mislead paying bank to its detriment); Tosco Corp. v. Federal Deposit Insurance Corp., 723 F.2d 1242 (6th Cir.1983) (court held, among other things, that strict compliance rule, even if applicable in Tennessee would not warrant dishonor when the asserted deviations were so insubstantial that the bank would not be incurring liability nor would be misled); First National Bank of Atlanta v. Wynne, 149 Ga. App. 811, 256 S.E.2d 383 (Ga.Ct.App. 1979) (no dishonor when documents "substantially" complying with terms of letter of credit and there is no possibility that documents submitted could mislead issuer to its detriment); Peoples State Bank of Clay County v. Gulf Oil Corp., 446 N.E.2d 1358 (Ind. Ct. App. 1983) (if all essential requirements of a letter of credit are complied with, the integrity of such documents should not be challenged by technical or inconsequential reasons).
Notwithstanding cases departing from the standard, the rule of strict compliance is clearly the standard employed by a majority of jurisdictions. See, Voest-Alpine International Corp. v. Chase Manhattan Bank, N.A., 707 F.2d 680 (2d Cir.1983) (doctrine of strict compliance ensures banks will be able to act quickly, enhancing the letter's fluidity; literal compliance is essential to protect bank's right of indemnity from its customer); Venizelos, S.A. v. Chase Manhattan Bank, 425 F.2d 461 (2d Cir.1970) (the essential requirements of a letter of credit must be strictly complied with, so the accompanying documents must be as stated in the letter); Insurance Co. of North America v. Heritage Bank, N.A., supra, (bank and beneficiary are held to a standard of strict compliance and in the absence of conformity, beneficiary cannot force payment and bank pays at its peril); Chase Manhattan Bank v. Equibank, 550 F.2d 882 (3d Cir.1977) (both parties held to standard of strict compliance); Courtaulds North America, Inc. v. North Carolina National Bank, 528 F.2d 802 (4th Cir.1975) (as the predominant authorities unequivocally declare, the beneficiary must meet the terms of the credit  and precisely  if it is to exact performance of the issuer); Philadelphia Gear Corp. v. Central Bank, 717 F.2d 230 (5th Cir.1983) (documentation necessary to support letter must conform exactly to the requirements of credit); Banque Paribas v. Hamilton Industries International, Inc., 767 F.2d 380 (7th Cir.1985) (issuing bank is entitled to insist upon literal compliance with conditions of credit); Pro-Fab, Inc. v. Vipa, Inc., 772 F.2d 847 (11th Cir.1985) (beneficiary must conform strictly to the requirements of a letter); Armac Industries, Ltd. v. Citytrust, 203 Conn. 394, 525 A.2d 77 (Conn. 1987) (a beneficiary may not complain of wrongful dishonor of a letter of credit without establishing that tender of documents strictly complied with terms of the credit); Mercantile-Safe Deposit & Trust Co. v. Baltimore County, Maryland, 309 Md. 668, 526 A.2d 591 (Md. 1987) (document presented *102 pursuant to a letter of credit stated "I have been informed" did not comply under strict compliance, the Maryland rule, nor substantial compliance standard where letter required first-hand certification); Dubose Steel, Inc. v. Branch Banking & Trust Co., 72 N.C. App. 598, 324 S.E.2d 859 (N.C. Ct. App. 1985) (under majority rule of strict compliance, beneficiary must meet terms of letter precisely).
The summary final judgment for Cashman is REVERSED, and the cause REMANDED for further proceedings consistent with this opinion.
ERVIN and NIMMONS, JJ., concur.