PER CURIAM.
Dismissal of a complaint for interpleader was correct where the interpleader-plain-tiff’s potential liability to two parties claiming broker’s commissions, was based on independent contracts between the inter-pleader and those claiming under the separate agreements. See Sea Management Serv., Ltd. v. Club Sea, Inc., 512 So.2d 1025 (Fla. 3d DCA 1987) (interpleader is appropriate only where claims are dependent or have common origin, the same thing, debt, duty or stake is claimed by defendants, and plaintiff has no interest in the subject matter and is in a position of indifference, having incurred no independent liability to either of the claimants); Riverside Bank v. Florida Dealers and Growers Bank, 151 So.2d 834 (Fla. 1st DCA 1963) (same).
No abuse of discretion is shown in the trial court’s award of a $17,100 fee based on 136.8 hours of the attorneys’ time at $125 per hour. The award finds sufficient evidentiary support in the record. See City of Sunrise v. West Broward Utils., Inc., 311 So.2d 175 (Fla. 4th DCA) (appellate function is to examine the record and determine if there is substantial competent evidence to support the amounts allowed for attorney’s fees), cert. denied, 325 So.2d 10 (Fla.1975).
Affirmed.