JORGENSON, J.
Banco Lavra, a Brazilian bank, appeals from an order dismissing its multi-count complaint against the beneficiary of a letter of credit. The essence of the complaint is an action against the beneficiary for breach of warranty, pursuant to section 675.111(1), Florida Statutes (1997). We affirm.
Banco Lavra provided an irrevocable documentary standby letter of credit in the amount of $160,000.00 to its customer, RPS (the buyer), in the course of an international sales transaction between RPS and beneficiary Cargil International (the seller), a Florida corporation. In that transaction, the seller was to ship computer and other electronic goods from Miami International Airport to Guarulhos Airport in Brazil. Hamilton Bank, N.A. was the confirming bank on the letter of credit. The letter of credit required certain conditions for honor: 1) a statement that Cargil had complied with all of its obligations regarding the shipment of goods; 2) the beneficiary was to be guided by the terms of credit in preparing the documents, and would communicate with the buyer directly if unable to comply with the credit; 3) the letter of credit was to be subject to the “Uniform Custom and Practice for Documentary Credits (1993) Revision International Chamber of Commerce Publication NR.500.”
Only a small portion of the goods reached Brazil — the rest of the shipment was apparently diverted to various Miami locations. Goods received in Brazil were returned as nonconforming. However, Cargil, the defendant below, signed and forwarded the requisite, albeit fraudulent, beneficiary statement warranting that the goods were shipped in accordance with the terms of the letter of credit and that RPS owed Cargil $160,000.00. Cargil forwarded the shipping receipts, later determined also to be false, to the confirming bank. Hamilton advised Banco Lavra that the *1088 terms of the letter of credit had been satisfied and that Cargil was entitled to payment. The documents submitted for payment conformed on their face with the terms of the letter of credit. After discussions between the banks, Cargil received payment almost seven months after the shipments had been made from Miami.
When Banco Lavra discovered the discrepancies in the beneficiary statement and the shipment documents, it notified Cargil that the $160,000.00 had been improperly procured and requested the immediate return of funds. Cargil refused; Banco Lavra brought this suit against Car-gil and two Cargil employees for various causes of action ranging from breach of warranty to unjust enrichment. The trial court dismissed the action for failure to state a claim; Banco Lavra appeals.
In this case of first impression in Florida, we hold that under the Uniform Commercial Code there is no cause of action by an issuing bank against a beneficiary of a letter of credit for the veracity of statements tendered to the issuer on a draw when the beneficiary presents conforming documents, and that the trial court properly dismissed the complaint. Section 675.111(1), Florida Statutes (1997), provides that:
Unless otherwise agreed the beneficiary by transferring or presenting a documentary draft or demand for payment warrants to all interested parties that the necessary conditions of the credit have been complied with.[1]
There is a split of authority between various state and federal courts regarding the nature and scope of this warranty.[2] We align ourselves with the jurisdictions which hold that, in order to preserve the essential quality of a letter of credit, “in the absence of language expressly making veracity a condition of the credit, so long as the beneficiary presents to the issuer documents which conform with the conditions of the letter of credit, the warranty or presentment under U.C.C. § 5-111(1) is not breached.” PNC Bank, Nat’l Assn. v. Liberty Mut. Ins. Co., 912 F.Supp. 169, 174 (W-D.Pa.), aff'd, 101 F.3d 691 (3d Cir. 1996).[3]
“An irrevocable letter of credit is a specialized document which is intended to provide a simple, reliable mechanism for payment of funds in commercial transactions.” Cargill, Inc. v. Sunlight Foods, Inc., 586 So.2d 366, 367 (Fla. 3d DCA 1991). The bank that issues the irrevocable letter of credit owes a contractual obligation to the beneficiary which is independent of, and unrelated to, the underlying contract between the beneficiary and the applicant that purchased the letter of credit. See Sea Management Serv., Ltd. v. Club Sea, Inc., 512 So.2d 1025, 1026 (Fla. 3d DCA 1987); Braun v. Intercontinental Bank, 466 So.2d 1130, 1132 (Fla. 3d DCA 1985). The independence of letters of *1089 credit from the underlying commercial transactions is “vital to their efficacy.” Sea Management, 512 So.2d at 1026.
When the beneficiary presents the required documents to the bank to receive payment, the bank’s obligation is to examine the documents to see if they comply. “The bank’s role has been described as purely a ministerial one and the bank’s duty should not be anything other than placing the required documents next to the letter of credit and ‘determining whether they precisely coincide.’ ” Cargill, 586 So.2d at 368 (quoting Fidelity Nat’l Bank of South Miami v. Dade County, 871 So.2d 545, 548 (Fla. 3d DCA 1979)).
Section 675.111(1) does not create a cause of action for the issuing bank against the beneficiary of the letter of credit; the “warranty” of compliance with the conditions of credit means only that the beneficiary warrants that the documents submitted are in compliance with the requirements of the letter of credit. The beneficiary does not warrant the veracity or conditions of compliance with the underlying commercial contract. See Amwest Surety Ins. Co. v. Republic Nat’l Bank, 977 F.2d 122 (4th Cir.1992), cert. denied, 507 U.S. 985, 113 S.Ct. 1582, 123 L.Ed.2d 149 (1993). In Amwest, the court held that if section 5-111(1) of the U.C.C. was interpreted to allow issuing banks to recover funds paid in honoring a complying draft based on the veracity of included statements, such a view would conflict with the independence principle that makes the beneficiary’s access to the credit certain and predictable. Id. at 129.
The letter of credit has for many years been a valuable tool for use in the world of commercial transactions. It has enabled parties to enter into contracts and arrangements they would not otherwise hazard, thereby facilitating trade and commerce. It has retained its utility because of the beneficiary’s knowledge that regardless of any credit risk associated with the party with whom it proposed to contract, upon presentment of papers in the form specified, payment would be made—without question, without reservation and forthwith.
PNC Bank, 912 F.Supp. at 175. In PNC, the court construed Pennsylvania’s version of section 5-111(1) of the U.C.C. to uphold the principle of independence and bar an action by the issuing bank against a beneficiary for breach of warranty, when the presenting documents conformed, “U.C.C. § 5-111(1) refers to the beneficiary’s compliance with the ‘conditions of credit,’ not the ‘conditions for the draw.’ This language denotes a beneficiary’s compliance with conditions of the letter of credit as specified in that document rather than compliance with any conditions of the underlying contract.” PNC, 912 F.Supp. at 173. See also Banco del Estado v. Navistar Int’l Transp. Corp., 942 F.Supp. 1176 (N.D.Ill.1996).
If the applicant discovers fraud upon presentation of the documents, the applicant may seek to enjoin payment on its credit prior to honoring the letter of credit § 675.114(2), Fla.Stat. (1997). The buyer sought no such injunction in this case. The documents submitted for payment conformed on their face with the terms of the letter of credit, and the bank paid the beneficiary, as it was obligated to under section 675.1103(l)(a), Florida Statutes. No action for breach of warranty lies under section 675.111. The other claims raised in the complaint derive from the honoring of the letter of credit and likewise fail to state a claim for relief.
AFFIRMED.

. By enacting section 675.111, Florida adopted U.C.C. § 5-111.

. The revised version of Article 5 of the U.C.C. contains a much more narrowly worded warranty from a beneficiary to an issuing bank:
If its presentation is honored, the beneficiary warrants: (1) to the issuer, any other person to whom presentation is made, and the applicant that there is no fraud or forgery of the kind described in Section 5-109; and (2) to the applicant that the drawing does not violate any agreement between the applicant and beneficiary or any other agreement intended by them to be augmented by the letter of credit.
Id. § 5-110 (replacing old U.C.C. § 5-111); see generally Hawkland & Miller U.C.C. Series § 5-110:02 (Rev. Art. 5). The Florida legislature has not yet adopted this revised warranty section. S.2230, 16th Leg., Reg. Session (Fla. 1998) (died in committee).

.Decisions from other jurisdictions that hold that section 5-111 of the U.C.C. provides a cause of action by an issuing bank against a beneficiary for breach of warranty when the beneficiaiy has improperly procured payment under a letter of credit include: Mellon Bank, N.A. v. General Elec. Credit Corp., 724 F.Supp. 360 (W.D.Pa.1989); Pubali Bank v. City Nat’l Bank, 676 F.2d 1326 (9th Cir.1982); Sun Marine Terminals, Inc. v. Artoc Bank & Trust Ltd., 797 S.W.2d 7 (Tex. 1990).