988 So.2d 660 (2008)
LENNAR HOMES, L.L.C., a Florida Limited Liability Company, formerly known as Lennar Homes, Inc., Appellant,
v.
V VENTURES, LLC, a Florida Limited Liability Company, and Fidelity Guaranty and Acceptance Corp., a Foreign Corporation, Appellees.
No. 3D08-984.
District Court of Appeal of Florida, Third District.
July 16, 2008.
*661 Bilzin Sumberg Baena Price & Axelrod and William K. Hill and Michael C. Foster, Miami, for appellant.
Akerman Senterfitt, and Kimberly A. Ashby, Orlando; Eric J. Vasquez, Naples, for appellees.
Before WELLS, SUAREZ, and CORTIÑAS, JJ.
CORTIÑAS, J.
Lennar Homes, LLC ("Lennar") seeks review of a non-final order denying its motion to enjoin payment on a letter of credit which lists V Ventures, LLC ("V Ventures") as beneficiary. We affirm the trial court's order.
Lennar and V Ventures entered into an option contract ("Option Contract"), which granted Lennar the option to purchase certain real property owned by V Ventures. The land was to be purchased in a series of closings conducted in accordance with a schedule set forth in the Option Contract. To secure Lennar's performance pursuant to the Option Contract, Lennar posted a letter of credit with Fidelity Guaranty and Acceptance Corp. ("Fidelity"). The letter of credit could be drawn by V Ventures if Lennar defaulted and V Ventures presented Fidelity with a "statement certifying that [Lennar] has *662 defaulted under that option contract for purchase and sale of property dated January 31, 2006."
The property to be purchased by Lennar was part of a master development plan incorporating two other tracts of land. In order for the planned development of the property to proceed, approval was needed from the United States Army Corps of Engineers (the "Corps"). The permits issued on the property were set to expire shortly after the Option Contract was entered into. In order to obtain the necessary Corps approval, Lennar submitted the extension of the permits to the U.S. Fish and Wildlife Department which determined that, because the land had once been a panther habitat, the property was subject to panther mitigation requirements. Based on the Fish and Wildlife Department's findings, the Corps required that the owners of the land purchase and acquire approximately 1,100 panther mitigation units. The required approval from the Corps was not obtained prior to the closing date set forth in the Option Contract.
Lennar failed to exercise its purchase option and did not close on the property pursuant to the schedule. In accordance with the terms of the letter of credit, V Ventures provided Fidelity with a statement certifying that Lennar was in default under the Option Contract.
Lennar asserts that because the obligation to obtain the necessary approvals was contractually placed upon V Ventures, Lennar was not in default under the Option Contract. As such, Lennar contends that V Ventures falsely certified that Lennar was in default and seeks injunctive relief to enjoin the payment of the letter of credit pursuant to section 675.109(2) of the Florida Statutes, which states:
If an applicant claims that a required document is forged or materially fraudulent or that honor of the presentation would facilitate a material fraud by the beneficiary on the issuer or applicant, a court of competent jurisdiction may temporarily or permanently enjoin the issuer from honoring a presentation or grant similar relief against the issuer or other persons only if the court finds that:
(a) The relief is not prohibited under the law applicable to an accepted draft or deferred obligation incurred by the issuer;
(b) A beneficiary, issuer, or nominated person who may be adversely affected is adequately protected against loss that it may suffer because the relief is granted;
(c) All of the conditions to entitle a person to the relief under the laws of this state have been met; and
(d) On the basis of the information submitted to the court, the applicant is more likely than not to succeed under its claim of forgery or material fraud and the person demanding honor does not qualify for protection under paragraph (1)(a).
We find that Lennar has failed to demonstrate that V Ventures' presentation letter was "forged or materially fraudulent or that honor of the presentation would facilitate a material fraud by the beneficiary on the issuer or applicant." § 675.109(2), Fla. Stat. Material fraud by the beneficiary occurs when the underlying contract "deprives the beneficiary of even a `colorable' right to" make presentment on a letter of credit. Ground Air Transfer, Inc. v. Westates Airlines, Inc., 899 F.2d 1269, 1273 (1st Cir.1990) (citing Itek Corp. v. First Nat'l Bank of Boston, 730 F.2d 19, 25 (1st Cir.1984)). The beneficiary's demand for payment must have "absolutely no basis in fact." Itek, 730 F.2d at 25 (quoting Dynamics Corp. of Am. v. *663 Citizens & S. Nat'l Bank, 356 F.Supp. 991, 999 (N.D.Ga.1973)).
In attempting to demonstrate that honoring the presentation would facilitate a material fraud, Lennar looks to section 10(d) of the Option Contract. Lennar submits that because the Corps was responsible for placing a restriction on development, in accordance with section 10(d) of the Option Contract, Lennar was not required to exercise its purchase option and close on the property. Section 10 states, in pertinent part:
[Lennar] shall have no further obligation to V Ventures hereunder by reason of such cancellation, if:
. . . .
(d) prior to Closing, conditions or restrictions are placed on the development of the Property as contemplated by this Agreement, by federal, state, or county or municipal bodies, laws, regulations or ordinances, which would cause a delay in development of the Property or delay in obtaining a building permit or certificate of occupancy, and which [V Ventures] has not satisfied or otherwise cured so as to prevent such delay. . . .
Lennar further asserts that the Option Contract necessarily places the obligation to obtain approvals upon V Ventures. However, Section 8(a) of the Option Contract merely states that "[V Ventures] agrees to cooperate with [Lennar] in regard to all proceedings related to any development order, zoning/master planning, and development and construction permitting for the Property." Section 9(d) of the Option Contract states that "[V Ventures] shall comply, at its sole expense, with any and all environmental and other applicable rules, regulations, and conditions of existing and future development or operational permits." As such, the Option Contract places no affirmative obligation regarding permitting requirements on V Ventures. Because of this, V Ventures had a colorable right to claim that Lennar was in default and its attempt to draw upon the letter of credit was not a material fraud.
Moreover, Lennar has not demonstrated entitlement to injunctive relief. "The requirements for establishing the right to preliminary injunctive relief are: (a) the likelihood of irreparable harm, and the unavailability of an adequate remedy at law, (b) the substantial likelihood of success on the merits, (c) that the threatened injury to petitioner outweighs any possible harm to the respondent, and, (d) that the issuance of the injunction will not disserve the public interest." Sanchez v. Solomon, 508 So.2d 1264, 1265 (Fla. 3d DCA 1987).
In Florida, "[t]he trial court is afforded broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court's decision." Jackson v. Echols, 937 So.2d 1247, 1249 (Fla. 3d DCA 2006) (citing Wise v. Schmidek, 649 So.2d 336, 337 (Fla. 3d DCA 1995)). We find no abuse of discretion by the trial court.
With respect to the first requirement, Lennar has not demonstrated irreparable injury, and the unavailability of an adequate remedy at law. If Fidelity wrongly makes payment on the letter of credit, Lennar would have a claim for money damages. Cargill, Inc. v. Sunlight Foods, Inc., 586 So.2d 366, 368 (Fla. 3d DCA 1991). Because "there is an adequate remedy at law, there is no immediate and irreparable injury which would justify the issuance of an injunction." Id.
Lennar further claims that once the letter of credit is honored, the public will *664 assume that Lennar is in default and is facing financial instability. This injury is speculative and insufficient to meet the irreparable injury standard. See Jacksonville Elec. Auth. v. Beemik Builders & Constructors, Inc., 487 So.2d 372, 373 (Fla. 1st DCA 1986) ("Irreparable injury will never be found where the injury complained of is `doubtful, eventual or contingent.'" (quoting First Nat'l Bank in St. Petersburg v. Ferris, 156 So.2d 421, 424 (Fla. 2d DCA 1963))).
The threatened injury to Lennar does not outweigh the possible harm to V Ventures. Letters of credit have been viewed as independent of the underlying transaction. Tandy Brands, Inc. v. Master Mktg. Ass'n, 481 So.2d 925, 926 (Fla. 4th DCA 1985).
The letter of credit has for many years been a valuable tool for use in the world of commercial transactions. It has enabled parties to enter into contracts and arrangements they would not otherwise hazard, thereby facilitating trade and commerce. It has retained its utility because of the beneficiary's knowledge that regardless of any credit risk associated with the party with whom it proposed to contract, upon presentment of papers in the form specified, payment would be made-without question, without reservation and forthwith.
Banco Lavra v. Cargil Int'l, 732 So.2d 1086, 1089 (Fla. 3d DCA 1998). Issuing an injunction could threaten the vitality of letters of credit in general. Further, V Ventures bargained for this letter of credit and granting an injunction in this case would eliminate the benefit of financial security it creates.
The public interest will not be served if an injunction is issued in this case. It is in the public's interest to preserve the purpose of the letter of credit to permit its continued use in facilitating trade and commerce.
Therefore, the trial court did not abuse its discretion in denying Lennar's motion to grant the injunction. It cannot be said that Lennar "is more likely than not to succeed under its claim of forgery or material fraud" under section 675.109(2) of the Florida Statutes. Moreover, Lennar has not satisfied the necessary elements for the granting of an injunction. We therefore affirm the denial of Lennar's motion to enjoin payment on the letter of credit.
Affirmed.