ROTHENBERG, J.
 

 The plaintiff, Victor Genchi, M.D. (“Dr. Genchi”), appeals from a non-final order denying his Emergency Motion for Preliminary Temporary Injunction (“Motion for Temporary Injunction”), filed against defendants, Lower Florida Keys Hospital District, etc. (“District”), and Key West HMA, LLC, etc. (“HMA”), doing business as Lower Keys Medical Center (“Medical Center”). Because we find that the prerequisites for the issuance of a temporary injunction were not established below, we affirm the denial of Dr. Genchi’s Motion for Temporary Injunction.
 

 Dr. Genchi is a licensed medical doctor who acquired medical staff privileges at
 
 *917
 
 the Medical Center in September 2002. In September 2009, the Medical Center’s Medical Executive Committee (“Executive Committee”) recommended that Dr. Gen-chi’s medical staff privileges not be renewed because he failed to comply with section 3.2-1 (d) of the Medical Staff Bylaws (“Bylaws”), which requires staff members to become board certified within seven years of the staff member’s initial appointment (“seven-year rule”). The Medical Center’s Board of Trustees (“Board”) adopted the Executive Committee’s recommendation, and on September 9, 2009, the Medical Center, via letter signed by Dr. Rhoda Smith, Chief of Staff of the Medical Center, notified Dr. Genchi that effective September 16, 2009, his medical staff privileges would not be renewed because he failed to comply with the seven-year rule.
 

 On February 4, 2010, Dr. Genchi filed a complaint against the District and HMA, doing business as the Medical Center, alleging, in part, that pursuant to Paragraph MS 1.13 of the Medical Center’s Medical Staff Policy and Procedure (“Policies and Procedures”), there are two applicable exceptions to the seven-year rule, but that these exceptions were never provided to the Executive Committee; the members of the Executive Committee were told that there are no exceptions to the seven-year rule; and Dr. Smith, who is also a member of the Executive Committee, would not have signed the letter if informed of the exceptions. Count I sought a declaratory statement as to several issues, including whether Dr. Genchi’s privileges were unlawfully terminated, and whether the Medical Center concealed certain documents, including the Bylaws, Hospital Staff Rules and Regulations, and Policies and Procedures, and if so, whether the concealment constituted a violation of section 119.01 of the Florida Statutes (“Open Records Act.”). Count II sought a preliminary and temporary injunction, and Count III sought $2,500,000 in compensatory damages and $10,000,000 in punitive damages.
 

 Simultaneously, Dr. Genchi filed the Motion for Temporary Injunction, alleging that, but for the defendants’ violation of the Open Records Act, the Executive Committee would have learned of the exceptions, and Dr. Genchi’s medical staff privileges would have been renewed. Dr. Genchi requested that the defendants be required to:
 

 “(1) provide [the Executive Committee] with all of the Bylaws, Rules and Regulations, and Policies and Procedures that are intended to guide their actions; (2) instruct HMA d/b/a [the Medical Center] to allow [the Executive Committee] to immediately reconvene to consider [Dr. Genchi’s] application for Medical Staff privileges for an additional two (2) years applying the Policies and Procedures that were previously withheld from them and then approve the [Executive Committee] recommendation unless there is good cause to do otherwise; [and] (3) award [Dr. Genchi] attorneys fees and costs of this action for violation of the Sunshine and Open Records Laws[.]”
 

 On February 10, 2010, the Executive Committee reconvened and recommended that Dr. Genchi’s medical staff privileges be immediately reinstated based on the exceptions to the seven-year rule, which were not considered when making its initial recommendation in September 2009. In March 2010, the Medical Center’s Board denied the recommendation.
 

 Thereafter, a three-day hearing was held on Dr. Genchi’s Motion for Temporary Injunction. The evidence presented at the hearing indicates that Dr. Genchi failed to comply with the seven-year rule, although he was aware of the rule and
 
 *918
 
 given opportunities to satisfy the requirements of the rule. However, there is a dispute as to whether the Executive Committee was provided with the Rules and Regulations and the Policies and Procedures prior to making its initial recommendation to the Board of the Medical Center to deny renewal of Dr. Genchi’s medical staff privileges. There is, however, no dispute that in September 2009, members of the Executive Committee were not aware of the exceptions to the seven-year rule when recommending that the Board not renew Dr. Genchi’s staff privileges, and that upon learning of the exceptions, the Executive Committee recommended that the Board reinstate Dr. Genchi’s medical staff privileges, but the Board declined to do so.
 

 Following the hearing, the trial court denied Dr. Genchi’s Motion for Temporary Injunction. The trial court found that the first prayer for relief was moot because the documents have been provided. As to the second prayer for relief, the trial court found that the first part was moot because the Executive Committee already had reconvened. As to the second part — compelling the Medical Center’s Board to meet and reinstate Dr. Genchi’s staff privileges — the trial court found that Dr. Gen-chi failed to meet his burden of establishing entitlement to a preliminary injunction. The trial court found that there was no likelihood of irreparable harm because Dr. Genchi remains licensed to practice medicine in Florida, he is currently engaged in the practice of medicine, and his financial problems predate the loss of his staff privileges. The trial court also found that there was an adequate remedy at law because Dr. Genchi is seeking $12,500,000 in damages. Next, the trial court found that Dr. Genchi failed to establish a substantial likelihood of success on the merits because, based on the testimony and evidence, the trial court was not persuaded that: Dr. Genchi was denied due process; the Medical Center’s Board lacked the authority to decline to reinstate Dr. Genchi’s staff privileges; the Board rejected the Executive Committee’s recommendation to reinstate without good cause; or there was a Sunshine Law violation that rendered the defendants’ actions with respect to Dr. Gen-chi null and void. Finally, the trial court found that the consideration of public interests do not weigh in Dr. Genchi’s favor. Dr. Genchi’s non-final appeal followed.
 

 On appeal, Dr. Genchi challenges the trial court’s denial of his Motion for Temporary Injunction. As we conclude that Dr. Genchi failed to establish the prerequisites for entry of a temporary injunction, we affirm the order under review.
 

 “A trial court is afforded broad discretion in granting, denying, dissolving or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court’s decision.”
 
 Carricarte v. Carricarte,
 
 961 So.2d 1019, 1020 (Fla. 3d DCA 2007) (quoting
 
 Jackson v. Echols,
 
 937 So.2d 1247, 1249 (Fla. 3d DCA 2006));
 
 see also Cohen Fin., LP v. KMC/EC II, LLC,
 
 967 So.2d 224, 226 (Fla. 3d DCA 2007) (“In reviewing a trial court’s ruling on a request for a temporary injunction, we must affirm unless the appellant establishes that the trial court committed a clear abuse of discretion.”). The party seeking the temporary injunction must establish the following: (1) the likelihood of irreparable harm if the temporary injunction is not entered; (2) the unavailability of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest.
 
 See Biscayne Park, LLC v. Wal-Mart Stores East, LP,
 
 34 So.3d 24, 26 (Fla. 3d DCA 2010);
 
 Foreclosure FreeSearch, Inc. v. Sullivan,
 
 12
 
 *919
 
 So.3d 771, 775 (Fla. 4th DCA 2009);
 
 Colonial Bank, N.A. v. Taylor Morrison Servs., Inc.,
 
 10 So.3d 653, 655 (Fla. 5th DCA 2009);
 
 Lennar Homes, L.L.C. v. V Ventures, LLC,
 
 988 So.2d 660, 663 (Fla. 3d DCA 2008);
 
 Bay N Gulf, Inc. v. Anchor Seafood, Inc.,
 
 971 So.2d 842, 843 (Fla. 3d DCA 2007). If the party seeking the temporary injunction fails to establish any of these requirements, the party’s motion for temporary injunction must be denied.
 

 With respect to the first requirement, we conclude that Dr. Genchi failed to establish irreparable injury. The record demonstrates that, although Dr. Gen-chi’s medical staff privileges were not renewed by the Medical Center, he remains licensed to practice medicine in the State of Florida, and his claimed financial difficulties predate the loss of his medical staff privileges.
 

 As to the second requirement, we conclude that Dr. Genchi has an adequate remedy at law — monetary damages. In fact, in Count III of his complaint, he is seeking monetary damages exceeding $12 million. With respect to the fourth requirement, we conclude that he failed to establish that the public interest considerations weigh in his favor as the record demonstrates that the Medical Center has successfully recruited physicians to replace Dr. Genchi.
 

 And lastly, as to Dr. Genchi’s likelihood to succeed on the merits, we note that even if the exceptions to the seven-year rule are applicable to Dr. Genchi, the Board was not required to make an exception and renew Dr. Genchi’s medical staff privileges. M.S. 1.13(IV)(4) of the Medical Center’s Policies and Procedures provides:
 

 4. In the event a physician is not board certified, [the Medical Center] may make an exception providing one of the following criteria is met:
 

 a. Physician demonstrates successful Board Certification within 7 years of their initial appointment, or
 

 b. Physician documents practice of medicine in the local community where they reside for a minimum of ten years; or
 

 c. [The Medical Center] determines that there is a lack of participating board certified physicians in the area [the Medical Center] desires to serve.
 

 d. Physicians who are not Board Certified must provide two Peer References who are Board Certified in the same practicing specialty.
 

 e. The provider has continuously been a member of the [Medical Center] Medical Staff since prior to July 1, 1996.
 

 (emphasis added). Accordingly, we affirm the order denying Dr. Genchi’s Motion for Temporary Injunction.
 

 Affirmed.