# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1534
LT Case No. 2022-11629-CIDL

_____

DARRON SANDERS,

    Appellant,

    v.

BOBBY J. SANDERS, JR.,
Individually and on behalf of
MID-FLORIDA GOLF CARTS,

    Appellees.

_____

Nonfinal appeal from the Circuit Court for Volusia County.
Rose Marie Karadsheh Preddy, Judge.

Martin Pedata, of Law Office of Martin Pedata, DeLand, and
Alfredo R. Zamora, of Losey PLLC, Orlando, for Appellant.

Albert E. Ford, II, of Ford Law, PLLC, DeBary, for Appellees.

May 9, 2025

PER CURIAM.

Appellant, Darron Sanders, appeals the trial court's nonfinal order granting the motion for temporary injunction filed by Appellee, Bobby Sanders, Jr., individually, and on behalf of Mid-Florida Golf Carts ("Golf Carts"). The order enjoined Appellant from engaging in various activities described below related to

Appellant's involvement with the operation of Golf Carts. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(B), and we reverse the order.

## I.

Appellant and Appellee are brothers who each own 50% of the shares in Golf Carts. The two also constitute Golf Carts's entire board of directors, with each having an equal voting interest in the company.

Appellee believed that Appellant had managed the company in a fashion that effectively forced Appellee to leave the company and otherwise barred him access to it. Resultingly, Appellee filed a four-count complaint against Appellant, both individually and on behalf of Golf Carts. The complaint sought, among other things, (1) to remove Appellant from Golf Carts's board of directors, (2) to enjoin Appellant from being involved in the operation of Golf Carts, and (3) to enjoin Appellant from taking further actions that were adverse to Appellee's interest in the company.

Appellant filed an answer to the complaint as well as a counterclaim against Appellee. Appellant sought to remove Appellee from Golf Carts's board of directors and damages from Appellee under various causes of action. Included within Appellant's counterclaim was an action by him to dissolve Golf Carts, to which Appellee responded with notice that he intended to purchase Appellant's ownership interest in Golf Carts. Appellee also moved for the appointment of a neutral evaluator to assess the value of the company.

## II.

Appellee subsequently moved for a temporary injunction. He alleged that Appellant's management of Golf Carts had been wasteful and neglectful, causing the business to trend downwards over the last several years. Appellee sought to temporarily enjoin Appellant from any involvement with the operation of the company.

Following an evidentiary hearing, the trial court's order now on review granted Appellee's motion as follows:

B. [Appellee] has the right to the reasonable and peaceful use and occupancy of [Golf Carts's] corporate offices and premises in Longwood, Florida, with full access to [Golf Carts's] records, systems, accounts, customers, and employees.

C. [Appellant] is enjoined and shall not exercise any powers as a Director of the Board of Directors of [Golf Carts] nor as President of [Golf Carts] during the pendency of the sale of [Appellant's] shares in [Golf Carts] to [Appellee] except as requested in writing from [Appellee] as necessary to preserve the value of [Golf Carts], going concern and to effectuate said sale.

D. [Appellant], is enjoined from interfering with [Appellee's] exclusive control of the management of [Golf Carts] during the pendency of the stock sale/purchase.

E. [Appellant] is enjoined from keeping and/or hiding corporate assets, including the more than $2 Million in [Golf Carts] cash that [Appellant] transferred out of [Golf Carts's] Trust accounts.

F. [Appellant] is enjoined from renewing the contracts of any employees or officers of [Golf Carts] without the express written consent of [Appellee],

G. [Appellant] is enjoined from divesting [Golf Carts] of its assets and from making any transactions on behalf of [Golf Carts] without [Appellee's] express written authorization.

This appeal followed.

### III.

We begin our analysis with the cautionary recognition that "[a] temporary injunction is an extraordinary remedy that should be granted sparingly and only after the moving party has alleged and proven facts which entitle him to relief." *Freeman as Tr. of Fiddlesticks Land Tr. U/A/D Sept. 25, 1984 v. Berrin*, 352 So. 3d 452, 457–58 (Fla. 2d DCA 2022) (quoting *Duryea v. Slater*, 677 So. 2d 79, 81 (Fla. 2d DCA 1996)).

To that end, for the moving party to obtain the extraordinary remedy of a temporary injunction, the party must prove: (1) the likelihood of irreparable harm if the injunction is not granted; (2) the lack of an adequate remedy at law; (3) a substantial likelihood of success on the merits of the suit; and (4) consideration of the public interest. *Housman v. Housman*, 370 So. 3d 1006, 1009 (Fla. 5th DCA 2023) (quoting *Dickerson v. Senior Home Care, Inc.*, 181 So. 3d 1228, 1229 (Fla. 5th DCA 2015)). Each of these four elements must be established by the movant with competent substantial evidence. *SunTrust Banks, Inc. v. Cauthon & McGuigan, PLC*, 78 So. 3d 709, 711 (Fla. 1st DCA 2012) (citing *St. Johns Inv. Mgmt. Co. v. Albaneze*, 22 So. 3d 728, 731 (Fla. 1st DCA 2009)). Significantly, unless all four elements are established, a temporary injunction should not be entered. *See Genchi v. Lower Keys Hosp. Dist.*, 45 So. 3d 915, 919 (Fla. 3d DCA 2010) ("If the party seeking the temporary injunction fails to establish any of these requirements, the party's motion for temporary injunction must be denied.").

IV.

While Appellant raises many arguments here for reversal, we find one argument to be dispositive and decline to consider the others. Appellant asserts that Appellee did not present competent substantial evidence at the temporary injunction hearing to establish the third prong or element that he had a substantial likelihood of success on the merits of the claim*, see State, Dep't of Health v. Bayfront HMA Med. Ctr., LLC*, 236 So. 3d 466, 472 (Fla. 1st DCA 2018) (holding that "[a] substantial likelihood of success on the merits is shown if good reasons for anticipating that result are demonstrated" and noting that it is "not enough that a merely colorable claim is advanced"), and failed to present any evidence whatsoever that the issuance of a temporary injunction would serve consideration of the public interest. We agree with Appellant.[1]

---

[1] We also note that Appellee has not responded to the merits of Appellant's argument other than to contend that the issue is now moot by virtue of a later "clarification" order entered by the

Inasmuch as Appellee failed to meet his evidentiary burden of showing a substantial likelihood of success on the merits or consideration of the public interest, his motion for temporary injunction should have been denied. *See Genchi*, 45 So. 3d at 919. The temporary injunction is therefore REVERSED.

LAMBERT, HARRIS, and SOUD, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

trial court. We conclude, without elaboration, that the matter is not moot.