453 So.2d 514 (1984)
ST. LAWRENCE COMPANY, N.V., a Netherlands Antilles Corporation, Appellant,
v.
ALKOW REALTY, INC., a Florida Corporation, Bernard Felson and Karen Moraitis Realty, Inc., a Florida Corporation, Appellees.
No. 84-503.
District Court of Appeal of Florida, Fourth District.
August 1, 1984.
James O. Murphy, Jr., of English, McCaughan & O'Bryan, Fort Lauderdale, for appellant.
Harris K. Solomon of Brinkley, McNerney & Morgan, Fort Lauderdale, for appellees.
HERSEY, Judge.
In this dispute over a real estate broker's commission, appellee-brokers obtained a temporary mandatory injunction restraining the seller (appellant) from disbursing $250,000 (the amount of commission in controversy) from the proceeds of the sale until further order of the court, which injunction occasioned the present appeal from a non-final order.
The order is plainly wrong. This was an action to recover money damages upon a claim of breach of an oral contract to pay money, that is: a commission. Such a cause of action does not entitle the claimant to equitable relief simply because the complaint alleges uncertainty of collectibility of a judgment if a fund of money is permitted to be disbursed. The test of the inadequacy of a remedy at law is whether a judgment could be obtained, not whether, once obtained it will be collectible. Oxford International Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, *515 Inc., 374 So.2d 54 (Fla. 3d DCA 1979). (We disagree that Oxford should be as narrowly applied as appellees contend.) An action for a brokerage commission is an action at law. Lake Placid Holding Co. v. Paperone, 414 So.2d 564 (Fla. 2d DCA 1982). An action at law is not transformed to one in equity simply by requesting an injunction. Supreme Service Station Corp. v. Telecredit Service Center, Inc., 424 So.2d 844 (Fla. 3d DCA 1982). Either prejudgment attachment or garnishment, with attendant safeguards, may be available to appellees under these circumstances; injunctive relief is not. We reverse.
REVERSED and REMANDED.
DOWNEY and WALDEN, JJ., concur.