492 So.2d 815 (1986)
MARY DEE'S, INC., Robert R. Vandercook, Mary Ann Vandercook, Dennis Gustafson, and Elizabeth Gustafson, Appellants,
v.
Peter TARTAMELLA and Maria Tartamella, Appellees.
No. 4-86-0936.
District Court of Appeal of Florida, Fourth District.
August 13, 1986.
Timothy L. Bailey, of Sullivan, Bailey, Wich & Stockman, P.A., Pompano Beach, for appellants.
John Gaudiosi, of Law Office of John Gaudiosi, Pompano Beach, for appellees.
GUNTHER, Judge.
Defendants appeal from a non-final order denying their motion to dissolve a temporary injunction. We reverse.
In their motion for a temporary injunction, the plaintiffs alleged that they would not have an adequate remedy at law because the defendants intended to disburse the assets of the defendant corporation among the individual defendants which would ultimately result in the unsecured promissory note being held by the plaintiffs not being paid. Initially, the trial court entered a temporary injunction without notice. Then the defendants moved to dissolve the injunction on the grounds that the plaintiffs/appellees were not entitled to injunctive relief because they could not meet the requisite showing of an inadequate remedy at law.
*816 We agree with the defendants that the plaintiffs had an adequate remedy at law because they could obtain a money judgment against the defendants. The test of inadequacy of remedy at law is whether a judgment can be obtained, not whether, once obtained, it will be collectible. See St. Lawrence Company v. Alkow Realty, 453 So.2d 514 (Fla. 4th DCA 1984). See generally Finkelstein v. Southeast Bank, 490 So.2d 976 (Fla. 4th DCA 1986).
We agree with the reasoning of the court in Acquafredda v. Messina, 408 So.2d 828 (Fla. 5th DCA 1982), where it stated:
This was a traditional action at law; a suit on a promissory note. Additionally, there was an adequate remedy at law by attachment, which provides a prejudgment legal remedy to creditors who can attest to any of the statutory grounds for such relief.[1]
In St. Lawrence, supra, in a similar factual setting, this court found that either prejudgment attachment or garnishment, with attendant safeguards, might be available to the creditors, but that injunctive relief was not. Id. at 515.
We conclude that the trial court abused its discretion when it denied the appellants' motion to dissolve the temporary injunction. Therefore, the matter is reversed and remanded.
LETTS and GLICKSTEIN, JJ., concur.
NOTES
[1] In Acquafredda, the plaintiff alleged that he was unable to post the required attachment bond. Since the plaintiff in the present case has not made a similar allegation, we need not decide what effect, if any, such an allegation would have on our decision.