546 So.2d 756 (1989)
Sam KORN and Beverly Korn, Appellants,
v.
AMBASSADOR HOMES, INC. f/k/a Ambassador Real Estate Equities Corporation, Appellee.
Nos. 89-635, 89-643.
District Court of Appeal of Florida, Third District.
July 11, 1989.
Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Stuart H. Singer and Reginald J. Clyne and Steven S. Goodman, Miami, for appellants.
Coffey, Aragon, Martin & Burlington and Kendall Coffey and Jeffrey B. Crockett, Miami, for appellee.
*757 Before HUBBART, LEVY and GERSTEN, JJ.
PER CURIAM.
This is an appeal from two non-final orders which (1) grant a temporary injunction pending arbitration on a constructive trust claim, and (2) refuse to dissolve this injunction. We affirm the orders under review based on a holding that: (a) a temporary injunction lies to freeze the res of an alleged constructive trust upon a showing, as here, that the res is in probable danger of dissipation and that there is a reasonable likelihood of success on the merits with respect to the constructive trust claim, ITT Community Dev. Corp. v. Barton, 457 F. Supp. 224 (M.D.Fla. 1978); Republic of Haiti v. Jeremie, 505 So.2d 629 (Fla. 3d DCA 1987); Finkelstein v. Southeast Bank, N.A., 490 So.2d 976 (Fla. 4th DCA 1986), and (b) a temporary injunction is proper to maintain the status quo, as here, pending the outcome of an arbitration claim. PMS Distrib. Co. v. Huber & Suhner, A.G., 863 F.2d 639 (9th Cir.1988); Teradyne, Inc. v. Mostek Corp., 797 F.2d 43 (1st Cir.1986); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048 (4th Cir.1985); Roso-Lino Beverage Distribs., Inc. v. Coca-Cola Bottling Co. of N.Y., Inc., 749 F.2d 124 (2d Cir.1984); Sauer-Getriebe KG v. White Hydraulics, Inc., 715 F.2d 348 (7th Cir.1983), cert. denied, 464 U.S. 1070, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984). We have not overlooked the appellant's extensive arguments to the contrary, but are convinced that all the elements necessary for a temporary injunction, including irreparable harm and no adequate remedy at law, have been shown in this case.
Affirmed.