PER CURIAM.
This is an appeal from a temporary injunction entered in a guardianship proceeding. We affirm.
We find no merit in the contention of appellant, Mabel Wallace, that the lower court had no jurisdiction over her in her capacity as trustee of an inter vivos trust. Wallace petitioned the court to be appointed guardian for the incompetent ward Del-phene Wengatz Brown. In doing so, she clearly submitted herself individually to the *1343 court’s jurisdiction. Burden v. Dickman, 547 So.2d 170, 172 (Fla. 3d DCA), rev. denied, 557 So.2d 866 (Fla.1989). Thus, all interested parties were properly before the court, so that it was not necessary to name or serve Wallace in her capacity as trustee or depository. Finkelstein v. Southeast Bank, N.A., 490 So.2d 976, 979 (Fla. 4th DCA 1986).
We further find that the evidence before the court was sufficient to justify maintaining the status quo by issuance of a temporary injunction pending a final determination of the rights of the parties in and to the assets in question. See Sanchez v. Solomon, 508 So.2d 1264 (Fla. 3d DCA 1987); see also Korn v. Ambassador Homes, Inc., 546 So.2d 756 (Fla. 3d DCA 1989).
We also approve the refusal of the guardianship court to require a bond where the assets in question are indisputably owned by the ward and the only issue is whether those assets are subject to the provisions of one or more trust agreements. Additionally, the issue of whether a bond should be required was not raised in the trial court and thus is not available as a basis for error in this court. See, e.g., Castor v. State, 365 So.2d 701, 703 (Fla.1978). Similarly, appellant failed to object in the trial court to the provision for payment of the ward’s necessary expenses from those assets purported to be part of the trust res. That argument will not be entertained for the first time here.
AFFIRMED.
HERSEY, STONE and FARMER, JJ., concur.