PER CURIAM.
Appellant seeks reversal of an order appointing a receiver for Sharon Gardens Associates, L.P., a Delaware limited partnership. We reverse.
Florescue sued the appellant limited partnership, Donald Schupak individually and others, contending inter alia that monies owed to him as repayments of loans he made to the limited partnership and as distributions of profits to him as a limited partner were being wrongfully converted by Schupak to his own personal use. Florescue sought appointment of a receiver for the limited partnership on the grounds that Schupak was collecting monies on behalf of the limited partnership but was failing to remit distributions to Florescue pursuant to the limited partnership agreement, although remitting monies to the other partners. The trial court granted Florescues motion and appointed a receiver.
In McAllister Hotel, Inc. v. Schatzberg, 40 So.2d 201, 203 (Fla.1949), the supreme court stated that a corporate receiver pendente lite will not ordinarily be appointed unless the primary offending defendant is shown to be insolvent, or unless actual fraud or mismanagement amounting to fraud upon the rights of a stockholder or creditor which may reasonably portend imminent danger of loss of corporate assets and seriously threaten corporate existence is clearly established. In the instant case, Florescue failed to show that Schupak or the limited partnership is insolvent, or that there was any fraud which could reasonably portend imminent danger of loss of limited partnership assets and seriously threaten existence of the limited partnership.
Thus, we agree with appellant that it appears that the receiver was appointed not to protect the assets of the limited partnership and the rights of all of the parties, but rather to preserve a fund from which Florescue could satisfy a judgment for damages against Schupak and/or the limited partnership. There was no evidence that the assets of the limited partnership are in danger of being dissipated. Rather, only Flores-cue’s distributions are in danger of being improperly converted by Schupak to his own use. Furthermore, we agree with appellant’s contention that Florescue has an adequate remedy at law for damages, and that the test of inadequacy of a remedy at law is whether a judgment can be obtained; not whether once obtained it will be collectible. See Mary Dee’s Inc. v. Tartamella, 492 So.2d 815 (Fla. 4th DCA 1986).
Accordingly, we reverse and remand the order granting the appointment of a receiver.
REVERSED AND REMANDED.
HERSEY and GUNTHER, JJ„ concur.
STONE, J., concurs specially with opinion.