PER CURIAM.
This is an appeal from two non-final orders prohibiting the appellant, We’re Associates VI, Ltd. (“We’re”), from free access to funds and an order denying its motion to vacate the same. We reverse. *441 Appellant We’re was sued in a mortgage foreclosure action by Curzon, the assignee of the mortgage. We’re filed a counterclaim, cross-claim and third-party complaint, alleging that one of its partners had conspired with Curzon in the assignment of the mortgage on the hotel.
Curzon moved for appointment of a receiver to manage the property or for sequestration of rents, both of which were provided for in the mortgage contract in the event of default and the filing of a foreclosure action.[1] The trial court denied the relief pending a full evidentiary hearing, but ordered the following measures in the interim until the motion could be heard:
1. Disbursements from the We’re Dean Witter account over $10,000 would require prior court approval.
2. No disbursements would be made from that account for anything other than for the payment of “necessary and ordinary business expenses.”
3. Within ten days of receipt, We’re was to give Curzon a copy of the hotel’s monthly profit and loss statement.
4. All funds transferred to the Dean Witter account [prior to this action] shall be accounted for.
At the evidentiary hearing, the trial judge denied Curzon’s motion to sequester rents or appoint a receiver, but continued the restrictions in the interim order with the provision that We’re could use the monies in the Dean Witter account to pay attorney’s fees and costs, subject to court approval, and allowed the payment of capital expenditures and maintenance costs up to $10,000 without prior court approval. The trial court found that there was no waste and that there was an adequate cash flow to cover all expenses, including taxes and insurance. The restrictions were continued to protect $650,000 previously transferred to the Dean Witter account.
We’re moved to vacate the order that continued the restrictions, alleging that there was no basis in the statutes or the contract for the restrictions that the court had imposed. We agree.
Since the contract provision does not provide for a lesser remedy in lieu of a receivership, the main inquiry on appeal is whether a contract that permits appointment of a receiver gives the trial court the discretion to impose less restrictive conditions on the mortgagor’s use of its operating funds in lieu of a receivership, with the court exercising some supervision over the use of those funds. This underlying issue is a question of law that is subject to plenary review.
This court has held that when receivership orders have been reversed, reversal is not with leave to consider other remedies on remand. See, e.g., Sharon Gardens Assocs., L.P. v. Florescue, 629 So.2d 1002 (Fla. 4th DCA 1993)(reversing receivership order for failure to demonstrate insolvency or waste).
The type of relief granted in the order below is not available unless specifically requested in a motion for temporary injunction and would be granted in the form of injunctive relief, upon a showing that there is no adequate remedy at law. See, e.g., Fla. R. Civ. P. 1.610; Lopez-Ortiz v. Centrust Sav. Bank, 546 So.2d 1126 (Fla. 3d DCA 1989)(reversing injunction freezing bank account); Hiles v. Auto Bahn Fed’n, Inc., 498 So.2d 997 (Fla. 4th DCA 1986)(reversing injunction prohibiting possible dissipation of assets from a corporate bank account); Mary Dee’s, Inc. v. Tartamella, 492 So.2d 815 (Fla. 4th DCA 1986)(reversing injunction prohibiting disbursement of corporate assets); St. Lawrence Co., N.V. v. Alkow Realty, Inc., 453 *442 So.2d 514 (Fla. 4th DCA 1984)(reversing injunction restraining disbursement of portion of the proceeds of sale).
Even if Curzon had specifically requested that relief in a legally sufficient motion for temporary injunction, the trial court’s findings that there was no proof of waste and that there was an adequate cash flow to cover all expenses, coupled with We’re’s unrefuted evidence that there was sufficient equity in the property to more than cover the balance of the mortgage, plus interest and penalties, would have defeated any claim that a damage award would be inadequate. In any event, in order to obtain a temporary injunction restraining We’re’s use of the monies in its operating account, Curzon would have had to show something more than the possibility that a damage award might eventually prove to be uncollectible. Mary Dee’s, 492 So.2d 815.
This court has found no authority in the mortgage contract or in Florida law to support the trial court’s granting of what amounts to temporary injunctive relief in the absence of a legally sufficient motion requesting that relief in compliance with Florida Rule of Civil Procedure 1.610. Thus, the order below is subject to reversal as a matter of law. Further, since the evidence presented at the evidentiary hearing shows that Curzon’s interests will be adequately protected by a damage award if it prevails on its foreclosure action, reversal is without leave for Curzon to seek an injunction.
For the reasons stated above, we reverse the trial court’s orders restricting We’re’s access to its own funds and denying its motion to vacate the same and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
SHAHOOD and TAYLOR, JJ., concur.
KLEIN, J., concurs specially with opinion.

. The receivership provision provides in its entirety:
6. That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver without bond or notice to the Mortgagor.