879 So.2d 1271 (2004)
RIVERLAND AND INDIAN SUN L.C., Appellant,
v.
L.J. MELODY & COMPANY, Appellee.
No. 3D03-3325.
District Court of Appeal of Florida, Third District.
August 11, 2004.
Hogan & Hartson L.L.P., and Mark R. Cheskin, Richard C. Lorenzo, and Brian L. Lerner, for appellant.
Aragon, Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A., and Ronald P. Weil and Christopher N. Dawson, for appellee.
Before RAMIREZ and SHEPHERD, JJ., and BARKDULL, THOMAS H., JR., Senior Judge.
PER CURIAM.
This controversy arises out of a real estate brokerage agreement, which created a trust "res" from a portion of the purchase funds in favor of the broker at the time of closing.
The contract reads in part:
3) In the event the Owner closes a sale of the Property in accordance with the terms herein, then it shall pay to the Broker a fee.... All fees will be paid by wire transfer out of sale proceeds by the closing as a line item on the closing statement.
When it became apparent to the broker that the purchase and sales transaction was going to be closed without notice to it and, allegedly, contrary to the terms of the brokerage agreement, it sought and obtained a temporary injunction without notice due to lack of time, freezing the amount of the commission by the impressment of a constructive trust pending further *1272 order of the court.[1]
Seller has appealed, urging an abuse of discretion in the entry of a temporary injunction. We disagree. The brokerage agreement identified a particular fund to be set aside at the closing for the broker's benefit. Only in the event the transaction closed was the broker to receive funds, and then only from proceeds paid by the purchaser. The broker was clearly a named beneficiary of a particular fund and, therefore, a constructive trust was alleged and the temporary injunction was proper. See Vargas v. Vargas, 771 So.2d 594 (Fla. 3d DCA 2000); Wise v. Schmidek, 649 So.2d 336 (Fla. 3d DCA 1995); Korn v. Ambassador Homes, Inc., 546 So.2d 756 (Fla. 3d DCA 1989); Campbell v. Pace, 369 So.2d 413 (Fla. 3d DCA 1979).
We therefore affirm the order under review.
Affirmed.
RAMIREZ, J., and BARKDULL, THOMAS H., JR., Senior Judge, concur.
SHEPHERD, J. (dissenting).
I respectfully dissent.
The temporary injunction was entered in this case prior to the time the transaction closed. Even though it may be desirable to order that the disputed monies be set aside pending the outcome of litigation, the law does not permit such a result, and such a result could raise issues of constitutional dimensions. However, the latter question does not need to be reached in this case.
This dispute arises out of a common, ordinary, commercial real estate transaction in which the appellee-broker, L.J. Melody, claims it is due a fee at closing. Had the appellee-broker been just modestly more energetic about attempting to provide notice to the defendants prior to the entry of the injunction, the record concerning the particulars of the dispute may have been better known to us, but the fact of a genuine dispute is sufficient for our purposes.[2] As is conceded by it, however, appellee-broker here seeks to impose a constructive trust upon moneys "to be wired" to an "account to be established" at the time of a real estate closing. As such, there was no "res" in existence upon which to impose a constructive trust. See, e.g., Gersh v. Cofman, 769 So.2d 407, 409 (Fla. 4th DCA 2000) ("A constructive trust may be imposed only where the trust res is specific and identifiable property, or can be clearly traced in assets of the defendant.") (citations omitted); Brown v. Hanger, 368 So.2d 63, 65 (Fla. 3d DCA 1979) (denying injunction for failure to state a "res".); 76 Am.Jur.2d Trusts 47 (2003) ("In other words, a basic requirement for the creation of a valid trust is the existence, at the time of the creation of the trust, of trust property or subject matterthat is, the existence of a trust "res" consisting of property actually in existence, and in which the trustor has a transferable title or interest. A trust without a res is impossible.") (footnotes omitted). This is a *1273 case in which close is not good enough,[3] and with good reasonelse jilted brokers could, as the case here, henceforth enlist the power of the state judiciary to disrupt ex parte all manner of commercial business transactions. Nor, I should note, is there any evidence here that the defendant was planning to secrete assets from the jurisdiction of the court. Cf. Vargas v. Vargas, 771 So.2d at 596 (enjoining the disposition of identifiable assets during pendency of action for breach of fiduciary duty and conversion where evidence showed a likelihood that they "would no longer be available ..." at the conclusion of the litigation without court intervention). In the end, I am of the view that this case is no different than the numerous other broker commission cases in which this court has denied an injunction because an adequate remedy at law existed. E.g., Airport Executive Towers v. CIG Realty, Inc., 716 So.2d 311, 312 (Fla. 3d DCA 1998); Konover Realty Assoc. v. Mladen, 511 So.2d 705, 706 (Fla. 3d DCA 1987).
Finally, procedural due process required L.J. Melody do more than it did to advise the defendants of the pending legal action. The verified complaint in this case was filed by the broker at 11:58 a.m. The letter to the defendants faxed just four minutes earlier advised that because there had been no response to prior efforts to contact them, the broker was "left with no recourse other than to seek immediate intervention by the courts." While that is a pretty ominous warning, the fact of the matter is that the broker's counsel was at the courthouse at the moment the letter was faxed, looking for an emergency judge.[4] However unpleasant it may have been for the parties at the time, the broker had a legal and professional obligation to advise opposing counsel that it was in the process of seeking an emergency hearing and invite appellants to join them if they so desired. See State Dept. of Transp. v. Plunske, 267 So.2d 337, 338 (Fla. 4th DCA 1972) ("It is fundamental that due process guarantees to a party notice and an opportunity to be heard before his rights are taken away from him by [court] order ..." quoting from Mayflower Inv. Co. v. Brill, 137 Fla. 287, 188 So. 205 (Fla.1939)); City of Ormond Beach v. City of Daytona Beach, 794 So.2d 660, 663 (Fla. 5th DCA 2001) ("[N]otice encompasses a reasonable opportunity to prepare and offer evidence."); Fla. R. Civ. P. 1.610(a)(1)(b) (requiring "the movant's attorney [to] certif[y] in writing any efforts that have been made to give notice and the reasons why notice should not be required"). Lawyers are trained in the art of precise communication. If the defendants had ignored such a precise warning, they would have done so at their peril.
As a general rule, trial courts are granted broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court will not disturb the trial court's decision. Sanchez v. Solomon, 508 So.2d 1264, 1265 (Fla. 3rd DCA 1987). However, it is axiomatic that *1274 temporary injunctions are not favored where there is an adequate remedy at law, City of Miami Springs v. Steffen, 423 So.2d 930, 931 (Fla. 3d DCA 1982), and collectibility per se is not determinative of the issue. Lopez-Ortiz v. Centrust Savings Bank, 546 So.2d 1126, 1127 (Fla. 3d DCA 1989) ("The test for unavailability of an adequate remedy at law ... is whether a judgment can be obtained, not whether it will be collectible."). My belief is that the appellee has not satisfied the requirements for the entry of a temporary injunction in this case.
For the foregoing reasons, I would reverse the order on appeal.
NOTES
[1] The appellant abandoned its Motion to Dissolve, but succeeded with a motion to increase the injunction bond.
[2] Rosenberg v. Rosenberg, 511 So.2d 593 n. 3 (Fla. 3d DCA 1987) (record on appeal is limited to the evidence before the trial court when it entered the contested order). See also Hotel-Motel Rest. Employees & Bartenders Union, Local 339 of Broward County v. Black Angus of Lauderhill, Inc., 290 So.2d 479, 481 (Fla.1974) (appellate court's review of order granting temporary injunction is limited to the contents of verified complaint and supporting affidavits when appellant opts to forego an evidentiary hearing on Motion to Dissolve Temporary Injunction).
[3] Among the cases cited by the majority is Campbell v. Pace, 369 So.2d 413 (Fla. 3d DCA 1979). However, I believe that Campbell is inapplicable here because the real estate transaction there had closed, there was no dispute that the broker had earned a fee, he had been receiving payments, and a fund was in existence post-foreclosure containing the full amount of the debt due on which a trust "res" could be imposed. Similarly, both Vargas and Wise, cited by the majority, involve bank accounts or property in existence. Vargas v. Vargas, 771 So.2d 594 (Fla. 3d DCA 2000); Wise v. Schmidek, 649 So.2d 336 (Fla. 3d DCA 1995). Korn does not address the validity of the "res" in question in that case. Korn v. Ambassador Homes, Inc., 546 So.2d 756 (Fla. 3d DCA 1989).
[4] The injunction was entered at 1:58 p.m.