967 So.2d 224 (2007)
COHEN FINANCIAL, LP, a Delaware Limited Partnership, and CFC Transactions Limited Partnership, an Illinois Limited Partnership, Appellants,
v.
KMC/EC II, LLC, a Delaware Limited Liability Corporation, Appellee.
No. 3D07-277.
District Court of Appeal of Florida, Third District.
July 11, 2007.
Rehearing and Rehearing Denied November 8, 2007.
Ronald P. Weil, Miami, and Rachel A. Camber, Coral Gables, for appellants.
Becker & Poliakoff and Gary C. Rosen and Kevin Markow, Fort Lauderdale, for appellee.
Before WELLS, SHEPHERD, and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied November 8, 2007.
ROTHENBERG, Judge.
The plaintiffs, Cohen Financial, LP, and CFC Transactions Limited Partnership (collectively referred to as "Cohen Financial"), appeal a non-final order denying their request for a temporary injunction. We affirm.
In February 2006, Cohen Financial and KMC/EC II, LLC ("KMC") entered into an agreement whereby Cohen Financial was to act as KMC's exclusive mortgage broker for a thirty-day period to obtain financing for the acquisition and development of a certain real estate project ("February Agreement"). Pursuant to the February Agreement, within three business days of the agreement's execution, Cohen Financial was required to provide KMC with a list of lenders it intended to market the project to, and upon termination of the February Agreement, Cohen Financial was to provide KMC with a list of lenders that it had actually marketed the project to. Further, the February Agreement provides that Cohen Financial "shall be paid a fee in the amount equal to one percent (1%) of the *226 total committed amount of debt to be funded by lender. . . ."
In June 2006, the parties entered into a subsequent agreement ("June Agreement"), which provides in part, "Notwithstanding anything to the contrary herein, all terms and provisions of the existing fee agreement referenced above [the February Agreement] are fully ratified and shall remain in full force, and extend to the date at which closing of the project takes place."
Upon learning that KMC was ready to close on a loan and that KMC had made no provision to segregate funds in favor of Cohen Financial, Cohen Financial filed an amended verified complaint seeking a constructive trust over one percent of the loan amount and injunctive relief. In addition, Cohen Financial filed a claim for "specific performance," requesting that one percent of the loan amount be held in trust. Following an emergency hearing, the trial court denied Cohen Financial's request for a temporary injunction, concluding that, based on the allegations sworn to in Cohen Financial's motion for injunctive relief and the arguments of the parties' counsel, Cohen Financial failed to establish that it had a substantial likelihood of success on the merits and that it lacked an adequate remedy at law.
In reviewing a trial court's ruling on a request for a temporary injunction, we must affirm unless the appellant establishes that the trial court committed a clear abuse of discretion. See Millennium Commc'ns & Fulfillment, Inc. v. Office of Attorney Gen., Dep't of Legal Affairs, State, 761 So.2d 1256 (Fla. 3d DCA 2000); Wise v. Schmidek, 649 So.2d 336, 337 (Fla. 3d DCA 1995)("Generally speaking, the trial court may exercise broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, this court will not disturb the trial court's decision."); Sanchez v. Solomon, 508 So.2d 1264, 1265 (Fla. 3d DCA 1987)("The trial court may exercise broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, this court will not disturb the trial court's decision.").
Cohen Financial contends that the trial court abused its discretion in concluding that it failed to establish that it had a substantial likelihood of success on the merits, relying primarily on this court's decision in Riverland & Indian Sun L.C. v. L.J. Melody & Co., 879 So.2d 1271 (Fla. 3d DCA 2004). We, however, find Riverland both distinguishable and inapplicable to the instant case.
In Riverland, after a real estate broker learned that a real estate transaction was going to close without notice to it, as required by the real estate brokerage agreement, the broker sought and obtained a temporary injunction that froze the amount of the claimed real estate commission in a constructive trust. The real estate brokerage agreement provided, in part, as follows: "In the event the Owner closes a sale of the Property in accordance with the terms herein, then it shall pay to the Broker a fee. . . . All fees will be paid by wire transfer out of sale proceeds by the closing as a line item on the closing statement." Id. at 1271.
This court affirmed the trial court's imposition of the temporary injunction, based on the following reasoning:
The brokerage agreement identified a particular fund to be set aside at the closing for the broker's benefit. Only in the event the transaction closed was the broker to receive funds, and then only from proceeds paid by the purchaser. The broker was clearly a named beneficiary of a particular fund and, therefore, *227 a constructive trust was alleged and the temporary injunction was proper.
Id. at 1272.
The facts in the instant case are quite different from the facts in Riverland. In the instant case the brokerage agreement does not identify a "particular fund to be set aside at the closing for the broker's benefit," nor is Cohen Financial a "named beneficiary of a particular fund."
More importantly, the allegations contained in Cohen Financial's amended complaint and motion for injunction do not reflect that Cohen Financial complied with the February Agreement nor do they state a basis upon which Cohen Financial would be entitled to relief. The February Agreement provides that within three business days of the agreement's execution, Cohen Financial was to submit a list of potential lenders to KMC, and at the expiration of the 30-day period, Cohen Financial was to submit a list of lenders it had actually marketed the project to. Cohen Financial's amended complaint and motion for injunction do not assert that Cohen Financial complied with either of these requirements or that it was the procuring cause of the loan that KMC intends to obtain. We, therefore, conclude that the trial court did not abuse its discretion in finding that Cohen Financial failed to establish a substantial likelihood of success on the merits.
The dissent argues that the Riverland brokerage agreement and the agreement in the instant case are essentially identical, thus mandating our reversal. With all due respect to the dissent, we disagree. The facts, the arguments raised by the parties, and the opposite procedural posture distinguish the two. Unlike Riverland, Cohen Financial failed to state a basis upon which relief could be granted. The February Agreement set forth certain requirements. Cohen Financial's amended complaint and motion for injunction failed to assert that Cohen Financial had complied with these obligations, and the uncontroverted evidence is that it did not. Cohen Financial failed to submit a list of its potential lenders or of the lenders it had actually marketed the project to, two material requirements of the agreement. It is based upon these facts that we conclude that the trial court did not abuse its discretion in finding that Cohen Financial had not met its burden in establishing a substantial likelihood of success on the merits and in denying the injunction. Furthermore, in Riverland, there are none of the infirmities found herein. Instead, in Riverland, the trial court granted injunctive relief and this court affirmed, finding no clear abuse of discretion. Therefore, based upon this court's recognition of our standard of review, that a trial court's order granting or denying a request to issue an injunction must be affirmed unless the appellant establishes a clear abuse of discretion, we affirm the trial court's denial of injunctive relief in the instant case.
We also disagree with Cohen Financial's assertion that the trial court abused its discretion in concluding that Cohen Financial had an adequate remedy at law. This dispute arises out of an alleged breach of a mortgage brokerage agreement in which Cohen Financial seeks monetary damages equal to one percent of the loan that KMC plans on obtaining in the near future. As Cohen Financial's claim is basically an action at law for money damages, the trial court did not abuse its discretion in finding that Cohen Financial has an adequate remedy at law. See Airport Executive Towers v. CIG Realty, Inc., 716 So.2d 311, 312 (Fla. 3d DCA 1998)(reversing trial court's order granting temporary injunction in breach of contract action where adequate remedy at law existed); Konover Realty Assocs., Ltd. v. Mladen, 511 So.2d 705, 706 (Fla. 3d DCA 1987)("It is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for an order requiring the deposit of the amount in *228 controversy into the registry of the court, or indeed for any restraint upon the use of a defendant's unrestricted assets prior to the entry of judgment. The rule has been specifically applied, as on general principles it must be, to an action like this one for the recovery of unsegregated earnest money, and is unequivocally not affected by the claim that recovery upon any subsequently-entered judgment may be made difficult by the dissipation or unreachability of the debtor's assets.") (citations and footnotes omitted); St. Lawrence Co., N.V. v. Alkow Realty, Inc., 453 So.2d 514, 515 (Fla. 4th DCA 1984)(reversing trial court's order imposing temporary injunction freezing real estate commission proceeds, holding that "[a]n action for a brokerage commission is an action at law. An action at law is not transformed to one in equity simply by requesting an injunction") (citations omitted).
The dissent discusses Riverland's failure to address whether any of the criteria for issuance of a temporary injunction was satisfied, and suggests that because the majority in Riverland failed to do so, so should we. We disagree, as the trial court made a finding that Cohen Financial had an adequate remedy at law and Cohen Financial appealed this finding. Thus, this court is compelled to address the issue and to recognize well-settled Florida law holding that a brokerage commission is an action in law, and that where the claim is one for money damages, injunction does not lie because there is an adequate remedy at law.
As we do not find that the trial court clearly abused its discretion in denying Cohen Financial's motion for temporary injunction based on its findings that Cohen Financial failed to establish that it had a substantial likelihood of success on the merits and that it lacked an adequate remedy at law, we affirm the non-final order denying Cohen Financial's motion for temporary injunction.
Affirmed.
WELLS, J., concurs.
SHEPHERD, J., dissenting.
I respectfully dissent. The only characteristic that differentiates this case from our recent decision in Riverland & Indian Sun, L.C. v. L.J. Melody & Co., Inc., 879 So.2d 1271 (Fla. 3d DCA 2004), is that the real estate broker won below there and lost below here. Disguised in an idiom comfortablea standard of reviewthe true rule of law announced today is that on review of a non-final order disposing of a motion to enjoin from distribution a disputed brokerage fee due at closing in the ordinary commercial real estate transaction, we must henceforth affirm. Let me explain.
However much we try to contort them, the facts of this case are indistinguishable from those in Riverland. Each case involves a common, ordinary commercial real estate transaction. Cf. id. at 1272. Each calls for the payment of the brokerage fee, if earned, at closing:
 The L.J. Melody Brokerage Agreement The Cohen Financial Brokerage Agreement
"In the event the Owner closes a sale of the "Broker shall be paid a fee in the amount
Property in accordance with the terms herein, equal to one percent (1%) of the total committed
then it shall pay to the Broker a fee....All fees amount of debt to be funded by Lender at
will be paid by wire transfer out of sale proceeds the sucessful closing of a new first mortgage
by the closing as a line item on the closing on the Project..."[1]
statement.
*229 The parties disagree over whether the fee is due. The Amended Verified Complaint attaches both the February 2006 original retainer letter, and the June 2006 modification. As explained in the Amended Verified Complaint, the purpose of the latter was to memorialize the additional retention of Cohen Financial to find a joint-venture partner-guarantor for the project to meet the "[additional] requirements of the lending community to complete the financing so provided by Broker." As stated by the majority, the June 2006 modification confirms that "all terms and provisions of the existing [February 2006] Agreement are fully ratified and shall remain in full force, and extend to the date at which closing of the Project takes place."[2]
Finally, the Amended Verified Complaint definitively alleges its contentions concerning the ways in which KMC breached its agreements with Cohen Financial:
21. COHEN complied with all of the terms and conditions of both the February 10 Agreement and the June 26 Amendment.
22. In reliance on what they understood to be an exclusive agreement, COHEN brought lenders with competitive terms for Consideration to KMC, who either rejected the proposed terms outright in the belief that better terms existed or refused to cooperate with a lender's underwriting process, resulting in the lender terminating the loan process.
. . . .
25. Additionally, as much of the information provided by the other broker was not accurate, COHEN received numerous telephone calls and requests from various lenders to address underwriting concerns. COHEN spent a substantial amount of time with each lender in an attempt to close a loan to KMC.
26. When COHEN confronted KMC regarding these contacts, KMC reassured COHEN that he was complying with the February 10 Agreement by disclosing COHEN's involvement as the exclusive broker to other brokers and lenders.
Pressed by time constraints inherent in the proceeding, KMC did not have the opportunity to offer any counter-testimony.[3]
It is not for us to judge whether the allegations made by Cohen Financial are correct. The question is only whether funds should be withheld from the closing pendent lite. The majority wraps its affirmance of the trial court's denial of Cohen Financial's request for this relief in the franking of temporary injunctive relief. It *230 holds that the trial court lawfully exercised its discretion not to sequester Cohen Financial's fee because Cohen Financial has an adequate remedy at law, and did not demonstrate a likelihood of success of the merits. Of course, it mattered not in Riverland that the broker had an adequate remedy at law. See Riverland, 879 So.2d at 1273 (Shepherd, J., dissenting)("[T]his case is no different than the numerous other cases in which this court has denied an injunction because an adequate remedy at law existed.") (citations omitted). In fact, the Riverland majority expressed no concern over whether any of the criteria for the issuance of a temporary injunction were satisfied. See id. at 1271-72. It was sufficient that "[t]he brokerage agreement identified a particular fund to be set aside at the closing for the broker's benefit." Id. at 1272. We thus are reduced to a comparison of the language of the two agreements. Unless the law rests upon the incantation of magic words, I can locate no difference between the Riverland brokerage agreement and the one which we parse here.
The majority's desire to affirm the decision is exigent. It is my desire as well. However, as a panel of three, we are bound by the law we have, not the law we wish we had. In re Rule 9.331, Determination of Causes by Dist. Court of Appeal En Banc, etc., 416 So.2d 1127, 1128 (Fla. 1982)("In fact, the suggestion that each three-judge panel may rule indiscriminately without regard to previous decisions of the same court is totally inconsistent with the philosophy of a strong district court of appeal which possesses the responsibility to set the law within its district."). See also O'Brien v. State, 478 So.2d 497, 499 (Fla. 5th DCA 1985)("[W]e adopt as a principle that a three-judge panel should not expressly overrule or recede from a prior decision of this court on the same point of law."). If Riverland is our guide, the broker here is as much entitled to sequestration of his fee pendente lite as was the broker there. Because the only factual difference between the two cases is who initially prevailed in the trial court, I only can deduce that from today forward, the rule is that we affirm on review here any trial court decision concerning sequestration of a disputed commercial brokerage fee that was due to be paid out of closing proceeds.
NOTES
[1] To assure payment, Cohen Financial also negotiated a promise from KMC to "[be] provide[d] . . . a copy of the closing statement prior to closing," as well as KMC's consent to "provide this engagement agreement to any lender, attorney, closing agent or related party to evidence fees earned due and payable."
[2] Elsewhere in the June 2006 modification, the February 2006 retainer similarly is referenced as "the existing Fee Agreement dated February 10, 2006" and the "current Fee Agreement." There is no contrary proof.
[3] Unlike the circumstance in Riverland, counsel for Cohen Financial commendably provided all of the notice that it could of its emergency proceeding. See Fla. R. Civ. P. 1.610(a)(1)(B).