SHEPHERD, J.
Strategic Empowerment for Economic Development, Inc. (SEED), the seller in a commercial real estate transaction, appeals an interlocutory order granting its motion to dissolve a lis pendens filed by broker, South Dade Realty, Inc. (SDR), to the extent it purports to encumber or cloud title to the real property subject to the contract for sale, see § 475.42(l)(j), Fla. *261 Stat. (2008) (prohibiting real estate brokers and salesmen from encumbering real property to collect a commission), but in the same breath ordering that “The Notice of Lis Pendens shall constitute an equitable lien upon the net proceeds from the sale of any or all of the above-described real property, to secure payment of the real estate brokerage commission allegedly owed to [SDR] by [SEED], pending the resolution of this action.”
Setting aside the highly improbable proposition that a lis pendens can reach, affect, or in any way encumber the cash proceeds of a real estate closing that has yet to occur', see § 48.23(l)(a), Fla. Stat. (2008) (stating that the filing of a lis pen-dens in an action in this state operates solely upon “real or personal property involved therein or to be affected thereby”); De Pass v. Chitty, 90 Fla. 77, 80, 105 So. 148, 149 (1925) (“[A]s applied in our time [the doctrine of lis pendens] seems to have originated in the common[ ]law rule obtaining in real actions to the effect that, if the defendant alienated during the pendency of the suit, the judgment in the real action overreached the alienation.”); see also Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So.2d 915, 917 (Fla.1996) (citing DePass, 90 Fla. at 80, 105 So. at 149) (“While the term ‘lis pendens’ literally implies a pending suit, it is defined as the jurisdiction, power, or control which courts acquire over property involved in a pending suit.”), the scant record in this case — an unsworn complaint, a lis pendens signed by counsel alone, and an answer and affirmative defenses to the complaint — does not satisfy even the most rudimentary of conditions for entry of a mandatory injunction without written or oral notice to the adverse party, see Fla. R. Civ. P. 1.610, which most assuredly is what SDR intended by the filing of its lis pen-dens in this case. See We’re Assocs. VI Ltd. P’ship v. Curzon Dev. Corp., 738 So.2d 440, 442 (Fla. 4th DCA 1999) (“This court has found no authority in the mortgage contract or in Florida law to support the trial court’s granting of what amounts to temporary injunctive relief in the absence of a legally sufficient motion requesting that relief in compliance with Florida Rule of Civil Procedure 1.610.”).
In this respect, the case before us is not at all analogous to either Cohen Financial LP v. KMC/EC II, LLC, 967 So.2d 224 (Fla. 3d DCA 2007), or Riverland & Indian Sun L.C. v. L.J. Melody & Co., 879 So.2d 1271 (Fla. 3d DCA 2004), both of which proceeded upon a filed motion for the entry of a temporary injunction. For this reason, we summarily reverse the order on appeal with the direction that any prejudgment interdiction of the real estate proceeds of the closing of this real estate transaction by the trial court in this case be abandoned forthwith.
This opinion will take effect immediately, notwithstanding the filing of any motions for rehearing.
Reversed and remanded with directions.