248 So.2d 477 (1971)
THE FLORIDA BAR, Complainant,
v.
Sidney G. BEAVER, Respondent.
No. 40562.
Supreme Court of Florida.
May 19, 1971.
Richard E. Nelson and David G. Bowman, Sarasota, for The Florida Bar, for complainant.
Sidney G. Beaver in pro. per.
PER CURIAM.
This disciplinary matter is before us, pursuant to the Integration Rule of The Florida Bar, Rule 11.06(9) (b), 32 F.S.A., for consideration on the report of the referee.
The complaint of the Florida Bar was filed against respondent on November 12, 1969, charging him with violation of Canon 22 of the Canons of Professional Ethics by deliberately counseling his client to secrete assets and give sworn testimony indicating the client had no funds, and with violation of Canon 11 of the Canons of Professional Ethics with respect to the handling of trust fund property of his client in that he converted trust funds of his client to his own personal use. Respondent failed to file an answer within the time permitted.
On December 10, 1969, there was filed with the referee, a Motion to Stay Proceedings based on the fact that an Order had been entered by the County Judge, Sarasota County, on November 25, 1969, adjudicating the respondent incompetent, and, further, that respondent had been committed to a State Hospital under the Division of Mental Health. The proceedings were stayed by order of the referee *478 on December 18, 1969. Subsequently, on November 24, 1970, respondent was judicially restored to his competency and the matter was set for trial before the referee on December 18, 1970.
At the commencement of the trial there was filed a document, signed by the respondent, wherein he consented to this matter proceeding to final hearing, as scheduled, advising that he did not wish to appear nor present evidence in his defense and stipulating and consenting to the admission in evidence of the transcript of proceedings taken before the Grievance Committee of the Twelfth Judicial Circuit of The Florida Bar before W.T. Harrison, Jr., et al on the 22nd day of July, 1969.
After the hearing the referee entered his report dated February 2, 1971, in pertinent part as follows:
"After considering all the pleadings, exhibits and evidence before me, I find that:
"A. In respect to the charge that the respondent has violated Canon 22 of the Canons of Professional Ethics by deliberately counseling his client (the complaining witness) to secrete assets and give sworn testimony indicating the client had no funds:
"(1) Respondent counseled his client to secrete assets in furtherance of a plan to misrepresent the client's financial condition at the client's deposition in a pending divorce action.
"(2) Respondent knowingly permitted his client to deposit funds in respondent's trust account for the purpose of carrying out the plan stated in paragraph (1) above.
"(3) This conduct on the part of the respondent was not characterized by the candor and fairness required by a lawyer and such conduct was unprofessional and unworthy of an officer of the law charged, as respondent is, with the duty of aiding in the administration of justice.
"B. In respect to the charge that respondent has violated Canon 11 of the Canons of Professional Ethics with respect to the handling of trust property of his client:
"(1) On April 18, 1967, there was deposited in a respondent's trust account the sum of $1,588.65 which belonged to the complaining witness, Don E. Roberts.
"(2) At the time said deposit was made the respondent was aware that the funds were trust funds.
"(3) The evidence fails to establish that respondent converted trust funds to his own use. The evidence established that promissory notes were given by responent to the complaining witness, payments were made in partial satisfaction of the indebtedness evidenced by said promissory notes and a relatively long period of time elapsed before complaint was made by the complaining witness, all of which tends to discredit any inference that there was a conversion of trust funds rather than simply a non-payment of a loan as contended by respondent. In the absence of testimony by the complaining witness's wife (who was present at the meeting in respondent's office on April 24, 1967, and who was in a position to testify as to what occurred at that time) I do not find that this charge was established by a preponderance of the evidence.
"RECOMMENDATIONS OF REFEREE
"1. It is recommended that the respondent be found guilty in connection with the charge that he violated Canon 22 of the Canons of Professional Ethics by deliberately counseling his client to secrete assets and given sworn testimony indicating the client had no funds.

*479 "2. It is recommended that respondent be found not guilty in connection with the charge that he had violated Canon 11 of the Canons of Professional Ethics with respect to the handling of trust property of his client.
"RECOMMENDATION OF DISCIPLINE
"In connection with the recommendation that the respondent be found guilty of having violated Canon 22 of the Canons of Professional Ethics, it is further recommended that the respondent be suspended from the practice of law for a period of one (1) year and thereafter until, under the Intergration (sic) Rule of The Florida Bar, he can demonstrate his entitlement to reinstatement. It should be noted in recommending suspension of the respondent from the practice of law for a period of one (1) year, that I have taken into account the fact that the respondent, by virtue of the order adjudging him incompetent, entered on November 25, 1969, was by operation of law, pursuant to Article II, Section 5, of the Intergration (sic) Rule of The Florida Bar suspended from the practice of law and there has been nothing filed in this instant matter to reflect that he has ever been reinstated on the roll of attorneys as provided for in said Article and Section."
The referee also recommended that all costs and expenses, including the costs incurred in the matter by the Grievance Committee, be charged against respondent.
No request for hearing before us has been submitted by respondent.
The record and order of the referee have been examined by this Court and the recommendation of the referee is approved.
Accordingly, respondent, Sidney G. Beaver, is hereby suspended from the practice of law for a period of one year, and thereafter, until he can demonstrate his entitlement to reinstatement and he is ordered to pay the costs of the proceedings in the amount of $158.90.
It is so ordered.
ROBERTS, C.J., and ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.