PER CURIAM.
On March 9, 1971, Sidney G. Beaver, a member of The Florida Bar, was adjudged guilty of the offense of grand larceny by the Court of Record of Sarasota County and placed on probation for five years. This offense constitutes a felony under Fla.Stat. § 811.021, F.S.A. The time for appeal has expired.[1]
Accordingly, pursuant to Article XI, Rule 11.07(4) of the Integration Rule of The Florida Bar, 32 F.S.A., which provides that final judgments shall be considered as conclusive proof of guilt of the offense charged, The Bar on November 6, 1971, petitioned this Court for notice to show cause why appropriate disciplinary judgment should not be entered against respondent. We granted the petition and issued notice to respondent to show cause on or before December 20, 1971. Although the notice was mailed to respondent’s latest mailing address registered with The Florida Bar, in accord with the provisions of Article XI, Rule 11.01(2) of the Integration Rule, he has failed to make any response.
In determining the discipline to which respondent should be subjected, we must be primarily guided by the welfare of the public and the legal profession. Respondent has been convicted of a serious crime under the laws of this state. He is also presently under suspension for misconduct in representing his client’s interests in a divorce case. Therefore, it is the judgment of this Court that respondent, Sidney G. Beaver, should be, and hereby is, disbarred from the practice of law in the State of Florida. Execution is hereby directed to issue for costs against Respondent.
It is so ordered.
ERVIN, Acting C. J., and CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.

. We note in passing that on May 19, 1971, respondent Beaver was suspended by this Court from the practice of law for one year and thereafter until demonstration of his entitlement to reinstatement. The Florida Bar v. Beaver, 248 So.2d 477 (Fla.1971). This suspension was imposed on respondent for his conduct in counseling his client to secrete assets in a pending divorce action and to misrepresent his financial condition. This offense does not appear to be related to respondent’s current ethical entanglement.