NORTHCUTT, Acting Chief Judge.
Laura Stevens challenges a permanent injunction against repeat violence entered against her as next friend of her son, Gerard Stevens, pursuant to section 784.046, Florida Statutes (1997). Our record does not contain a transcript of the hearing on the injunction, so we allowed Stevens to attempt to supplement it with a stipulated statement of the evidence and proceedings, as permitted by Florida Rule of Appellate Procedure 9.200(b)(4). She has advised us she is unable to do so. Without a record of the hearing, we cannot conclude that the injunction was not supported by the evidence or that the circuit court so misconceived the law that reversal is required. Accordingly, we must affirm. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Lynn v. Alistar Steakhouse & Sports Bar, Inc., 736 So.2d 722 (Fla. 2d DCA 1999).
We do, however, note two scrivener’s errors in the injunction. First, the parties are not correctly identified in the caption. Gerard Stevens is the party enjoined and Brittany Johnson is the victim. We remand to the circuit to correct the caption. Second, the effect of the preprinted provisions in the form permanent injunction is to forbid Gerard to venture within 500 feet of the middle school Brittany attends. However, the ex parte temporary injunction issued at the start of the litigation indicates that Gerard also attends this school. Both forms contain a provision wherein the court can modify the terms of the injunction and impose restrictions specific to that circumstance. In the temporary injunction the court wrote that Gerard was not to come within fifty feet of Brittany. The court failed to include this modification in the form permanent injunction. In fight of the provision made in the earlier order, this would seem to be a scrivener’s error. If Gerard and Brittany still attend the same school, the circuit court must modify the permanent injunction to conform with the restriction stated in the temporary injunction.
*882 Injunction affirmed, remanded for correction of scrivener’s errors.
CASANUEVA and DAVIS, JJ., Concur.