824 So.2d 258 (2002)
Hugo MIGUEZ, Appellant,
v.
Maryanka MIGUEZ, Appellee.
No. 3D01-3179.
District Court of Appeal of Florida, Third District.
August 7, 2002.
Eyal I. Friedman, Miami, for appellant.
June Loochkartt (Fort Lauderdale), for appellee.
Before JORGENSON, LEVY, and SHEVIN, JJ.
PER CURIAM.
In October 2000, the trial court granted the former wife's petition for a domestic violence injunction and made it effective for one year. The former wife filed a second petition for a domestic violence injunction five days before the expiration of the one-year injunction. After an evidentiary hearing, the trial court extended the injunction for another seven years.
The former husband challenges the duration of the injunction and argues that an injunction effective for seven years is erroneous as a matter of law. We disagree. The trial court entered a permanent injunction pursuant to section 741.30, Florida Statutes (1997). In 1997, the legislature removed the language that limited the duration of a permanent domestic violence injunction to one year. The amended statute now provides that an injunction "shall remain in effect until modified or dissolved." § 741.30(6)(b) Fla. Stat. (1997); see also Fla. Fam. L.R.P. 12.610(c)(4)(B) ("Any relief granted by an injunction for protection against domestic or repeat violence shall be granted for a fixed period or until further order of the court."). Absent any language limiting the permissible duration of an injunction, the trial court could even have, if the circumstances warranted such, validly ordered a perpetual injunction rather than limit it to seven years. See Goodell v. Goodell, 421 So.2d 736 (Fla. 4th DCA 1982) (holding that an injunction restraining former spouses from harassing each other was valid and enforceable despite the absence of a time limit). Regardless of its duration, the lower court can modify or dissolve a permanent injunction at any time where "the circumstances, and circumstances of the parties, are shown to have so changed as to make it just and equitable to do so, and especially where the decree itself reserves the right." Jackson Grain Co. v. Lee, 150 Fla. 232, 7 *259 So.2d 143, 146 (1942). Accordingly, the duration of the injunction is not defective on its face, and can only be challenged as an abuse of discretion. See Wise v. Schmidek, 649 So.2d 336, 337 (Fla. 3d DCA 1995) (holding that the trial court has broad discretion in granting, denying, dissolving, or modifying injunctions, and, unless a clear abuse of discretion is demonstrated, appellate courts will not disturb the trial court's decision).
However, because there is neither a transcript of the evidentiary hearing nor a stipulated statement of the evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), we are unable to determine whether the trial court abused its discretion. We must, therefore, affirm. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Stevens v. Bryan, 805 So.2d 881 (Fla. 2d DCA 2001) ("Without a record of the hearing, we cannot conclude that the injunction was not supported by the evidence ...."). For the same reason, we cannot reverse on the basis of the former husband's argument that the judgment is not supported by the evidence. As the former husband's remaining point on appeal is without merit, the judgment is
AFFIRMED.