937 So.2d 1247 (2006)
Barbara Ann JACKSON, Appellant,
v.
Ladon ECHOLS, Appellee.
No. 3D05-2375.
District Court of Appeal of Florida, Third District.
September 27, 2006.
*1248 Lamelas & Carballo and Gustavo J. Lamelas, Miami, for appellant.
Ladon Echols, in proper person.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.

ON APPELLANT'S MOTION FOR CLARIFICATION
ROTHENBERG, Judge.
On July 19, 2006, we issued an opinion affirming the trial court's order granting the appellee's petition for a permanent injunction. Based upon the appellant's timely filed motion for clarification filed pursuant to Florida Rule of Appellate Procedure 9.330, we withdraw our previously filed opinion and submit this opinion in its stead.
Ladon Echols ("Ms. Echols") filed a Petition for Injunction for Protection Against Domestic Violence ("Petition"), pursuant to section 741.30, Florida Statutes (2005). On September 6, 2005, the trial court held *1249 a hearing to determine whether a permanent injunction should be imposed. As required by section 741.30(6)(h), Florida Statutes (2005),[1] the hearing was recorded. Following the hearing, the trial court granted the Petition, thereby imposing a permanent injunction. This appeal followed.
In preparation of this appeal, the appellant requested the hearing transcript from the designated reporter. In response, the designated reporter filed an affidavit, stating that the hearing was recorded, but that the audio recording was "missing due to technical difficulties." As the transcript was unavailable through no fault of the appellant, we relinquished jurisdiction to afford the appellant an opportunity to obtain, if possible, a statement of the evidence, as provided in Florida Rule of Appellate Procedure 9.200(b)(4), which provides as follows:
If no report of the proceedings was made, or if the transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
In compliance with this court's order, the appellant submitted her proposed statement of the evidence. As did the appellee, Ms. Echols, the trial court disagreed with and disputes appellant's recollection of the proceedings.
The appellant argues in this appeal that the trial court abused its discretion in imposing a permanent injunction. The trial court is afforded broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court's decision. Wise v. Schmidek, 649 So.2d 336, 337 (Fla. 3d DCA 1995). As the transcript of the hearing or a statement of the evidence is necessary to provide meaningful appellate review of this issue, and the appellant has been unable to provide one, we are unable to determine whether the trial court abused its discretion, and, therefore, we must affirm. See Miguez v. Miguez, 824 So.2d 258, 259 (Fla. 3d DCA 2002) ("[B]ecause there is neither a transcript of the evidentiary hearing nor a stipulated statement of the evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), we are unable to determine whether the trial court abused its discretion. We must, therefore, affirm.").
The appellant additionally contends that the trial court erred by issuing the permanent injunction where the face of the Petition demonstrates that there was no factual basis for the imposition of the permanent injunction. As the transcript of the hearing or a statement of the evidence is not necessary for the determination of this issue, we will address it.
Specifically, the appellant argues that the trial court could not have imposed the domestic violence permanent injunction because the Petition indicates that the parties were no longer living together when the alleged violence occurred and because the Petition does not indicate that the parties lived together "as if a family." We disagree.
*1250 "Domestic violence" is defined as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." § 741.28(2), Fla. Stat. (2005). In addition, "family or household member" is defined, in part, as follows: "persons who are presently residing together as if a family or who have resided together in the past as if a family .... With the exception of persons who have a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit." § 741.28(3), Fla. Stat. (2005)(emphasis added). Based on these definitions, the fact that the parties were no longer living together at the time when the alleged violence occurred is irrelevant because the Petition clearly indicates that the parties resided together in the past. Further, we also find that the Petition sufficiently alleges that the parties lived together "as if a family," where the petitioner asserted that the respondent is "any other person who is or was residing within a single dwelling unit with the Petitioner, as if a family," and further specified that the respondent was the petitioner's "ex live-in girlfriend." We find that an "ex live-in girlfriend" satisfies the "as in a family" requirement. Therefore, we conclude that the face of the Petition sufficiently demonstrates that there was a factual basis for the imposition of the permanent injunction. Accordingly, we affirm the order under review.
Affirmed.
NOTES
[1] Section 741.30(6)(h), Florida Statutes (2005), provides as follows: "All proceedings under this subsection shall be recorded. Recording may be by electronic means as provided by the Rules of Judicial Administration."