961 So.2d 1019 (2007)
Charles A. CARRICARTE, Michael A. Carricarte, Bruna Carricarte, and, M.E.C., a minor, Appellant,
v.
Albert L. CARRICARTE, Appellee.
Nos. 3D07-168, 3D07-158, 3D07-164, 3D07-165.
District Court of Appeal of Florida, Third District.
July 11, 2007.
Liebler, Gonzalez & Portuondo, P.A., Miami, and William M. Richardson, Jr., for appellant.
Albert L. Carricarte, in proper person, for appellee.
Before GREEN, WELLS, and CORTIÑAS, JJ.
*1020 PER CURIAM.
The Carricarte family appeals orders denying motions to extend an injunction in favor of the sister-in-law and the niece and extending temporary injunctions in the brothers' favors. We affirm. This case presents an ongoing dispute among family members that has culminated in the entry of various previous injunctions against the appellee, Albert L. Carricarte, in favor of his two brothers, his sister-in-law, and his niece (collectively "appellants").
Appellants assert that the trial court abused its discretion in denying their request for entry of permanent injunctions. "A trial court is afforded broad discretion in granting, denying, dissolving or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court's decision." Jackson v. Echols, 937 So.2d 1247, 1249 (Fla. 3d DCA 2006). To the extent that they rest on questions of fact, decisions on requests for permanent injunctions "lie within the sound discretion of the trial court and will be affirmed absent a showing of abuse of discretion. This is particularly true where the order relies on live testimony or other evidence that the trial court is singularly well-suited to evaluate." Smith v. Coalition to Reduce Class Size, 827 So.2d 959, 961 (Fla.2002).
The record demonstrates that the trial judge, who had presided over all of the parties' previous motions, heard ample evidence to support the decisions in this case. The rulings granting the request for an extension of the injunction in the brothers' favor, and declining to extend the injunction in the sister-in-law and the niece's favor, demonstrate that the court considered all the issues and the testimony and tailored the relief as required in the case. There is no basis for us to substitute our judgment for that of the trial court or to conclude that the court abused its discretion in view of the conflicting evidence.
Affirmed.