ROTHENBERG, J.
 

 The defendants, Johnson Ng, Shuck Wah Tam (“Tam”), Wing Fat Kwan (“Kwan”), Wai Chiu Mui, Chak Yuen Lau and King Lin Lau (collectively, “the Defendants”), appeal from a non-final order granting a temporary injunction in favor of the plaintiffs, The United States On Leong/Chinese Merchants Association (“National On Leong”) and Bo-Man Mui (“Bo-Man”) (collectively, “the Plaintiffs”). We affirm.
 

 In February 2010, On Leong Merchant Association, Inc. (“Miami On Leong”), which is a local chapter of National On Leong, suspended the membership of its co-president, Bo-Man. Thereafter, in June 2010, National On Leong reinstated Bo-Man. However, Miami On Leong’s then acting co-presidents, defendants Tam and Kwan, would not recognize Bo-Man’s reinstatement.
 

 The Plaintiffs filed a complaint for declaratory and injunctive relief, and a Verified Motion for Temporary Injunction, seeking, in part, to oust the Defendants from their positions at Miami On Leong. Following an evidentiary hearing, the trial court entered an order, finding, in part, that Miami On Leong is required to follow National On Leong’s bylaws; the Defendants’ actions violated National On Leong’s bylaws; the Defendants altered Miami On Leong’s corporate records maintained by the State of Florida; and National On Leong has the power to intervene when its bylaws are not being followed by a local chapter. The trial court also found: (1) the Plaintiffs have been irreparably harmed as a result of the Defendants’ actions, (2) the Plaintiffs do not have an adequate remedy at law, (3) the Plaintiffs have a substantial likelihood of success on the merits, and (4) the entry of a temporary injunction “is in keeping with public policy and the public interest.” Based on these findings, the trial court granted the temporary injunction, ordering, in part, that Bo-Man be temporarily reinstated as co-president of Miami On Leong and that the Defendants be temporarily removed from their positions at Miami On Leong. This non-final appeal followed.
 

 In this non-final appeal, the Defendants do not challenge the trial court’s finding that National On Leong’s bylaws control the affairs of Miami On Leong or the temporary reinstatement of Bo-Man as co-president of Miami On Leong. The Defendants, however, contend that the order granting the temporary injunction fails to state with particularity the irreparable harm, and that the Plaintiffs failed to establish that the entry of the temporary injunction would serve the public interest or that the threatened injury to the Plaintiffs outweighs any possible harm to the Defendants.
 
 See Foreclosure FreeSearch, Inc. v. Sullivan,
 
 12 So.3d 771, 775 (Fla. 4th DCA 2009) (holding that a party seeking a temporary injunction must show that: (1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public
 
 *693
 
 interest); see
 
 also NRD Invs., Inc. v. Velazquez,
 
 976 So.2d 1, 3 (Fla. 3d DCA 2007). We disagree. We also conclude that the temporary injunction is not overbroad. Carr
 
 icarte v. Carricarte,
 
 961 So.2d 1019, 1020 (Fla. 3d DCA 2007) (quoting
 
 Jackson v. Echols,
 
 937 So.2d 1247, 1249 (Fla. 3d DCA 2006)) (“A trial court is afforded broad discretion in granting, denying, dissolving or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb -the trial court’s decision.”);
 
 Cohen Fin., LP v. KMC/EC, LLC,
 
 967 So.2d 224, 226 (Fla. 3d DCA 2007) (“In reviewing a trial court’s ruling on a request for a temporary injunction, we must affirm unless the appellant establishes that the trial court committed a clear abuse of discretion.”).
 

 We decline to specifically address the remaining arguments raised by the Defendants based on our finding that they lack merit.
 

 Affirmed.