# Third District Court of Appeal

## State of Florida

Opinion filed June 14, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-337
Lower Tribunal No. 15-29430
_____

**Michael Faddis,**
Appellant,

vs.

**Katherine Luddy,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer J. Multack, Judge.

Alvarez Gonzalez, LLP, and Ignacio M. Alvarez, and Carlos F. Gonzalez, for appellant.

Katherine Luddy, in proper person.

Before SALTER, EMAS and LUCK, JJ.

LUCK, J.

Michael Faddis appeals a final judgment of injunction for protection against domestic violence entered against him and in favor of his ex-girlfriend, Katherine Luddy. We affirm.

Faddis met Luddy when Luddy worked as a fitness model for one of Faddis' fitness videos. The couple dated for approximately three years, living together at Luddy's Miami Beach apartment for approximately the last one and a half years. The couple experienced difficulties in their relationship, which Faddis attributed to Luddy's anxiety and depression, and Luddy to Faddis' controlling nature. In any event, on November 24, 2015, Luddy filed a petition for injunction for protection against domestic violence against Faddis.

The petition specifically alleged an incident occurring on November 22, but also generally referred to various prior instances of Faddis' abusive behavior which occurred prior to the November 22 incident. A hearing was held at which Luddy appeared pro se, and Faddis was represented by counsel. Each party testified to their version of events.

According to Luddy, the couple had spent the night of November 21 at her apartment, but began to argue the morning of November 22. Luddy claimed the argument started when Faddis insisted she call her psychiatrist to increase the dosage of her medication, and Luddy refused. When Luddy requested that Faddis leave her alone, Faddis became enraged, grabbed Luddy, and slammed her against

the refrigerator. Luddy asked Faddis to leave or she would call the police. Faddis took Luddy's cellular telephone away from her, and continued to scream at Luddy while pinning her against a wall. Faddis then threw Luddy on the bed, turned her on her stomach, and spanked her. Luddy managed to lock herself in the bathroom, and after a time Faddis left the apartment. Luddy reported the incident to the police, who advised her to change her locks and get a restraining order. Faddis continued calling and texting Luddy after the incident. The following day, Faddis banged at her apartment door, but Luddy did not let him in.

In response to the trial court's questioning, Luddy admitted Faddis had restrained her on prior occasions. She testified to an incident which occurred on June 22 where Faddis kept hitting her with her own arm against the side of the head and Luddy locked herself in her car to get away from Faddis. During cross-examination, Luddy also referred to an incident were Faddis shut a door and severed her finger. Faddis did not object to this testimony.

Faddis portrayed the couple's relationship quite differently. He claimed most arguments arose from financial issues because Luddy was not making much money and owed Faddis money for negotiating her modeling contracts and managing Luddy's social media accounts. Faddis claimed that when he restrained Luddy, he was trying to protect her because she was depressed, anxious, and suicidal.

3

The trial court found:  Luddy's testimony credible; she had been the victim of domestic violence; and she had cause to believe that she would be a victim of domestic violence.  Based on these findings, the trial court granted the petition, and entered the injunction, which Faddis now appeals.  Faddis contends the trial court: (1) denied him due process by considering the testimony regarding prior incidents other than the one from November 22 alleged in the petition; and (2) erred in entering the injunction because Luddy failed to produce sufficient and objective evidence that she had cause to believe she was in imminent danger of domestic violence.

We reject Faddis' due process argument for two reasons.  First, Faddis did not object to Luddy's testimony, and therefore, did not preserve the issue for appellate review.  See Archurra v. Archurra, 80 So. 3d 1080, 1082 (Fla. 1st DCA 2012) (holding that husband's argument that trial court relied on testimony and evidence from a prior proceeding without proper judicial notice was not preserved for appellate review because the husband did not object at the hearing).  Second, Luddy's petition did put Faddis on notice, in advance of the hearing, that there were prior instances of violence.  The petition alleged, for example, that Faddis "[p]reviously . . . physically abused" Luddy, and had threatened her with a weapon (which was different than the allegations for the November 22 incident).  Luddy, specifically, alleged in the petition that Faddis had "physically assaulted [her]

4

countless times throughout their relationship, slapping [her], punching her, pushing and shoving her and/or pinning her on the floor or against the walls." Faddis, Luddy wrote, "also threatened [her] with a knife, on one occasion." This was sufficient to put Faddis on notice that there were prior instances of violence, they were numerous, and involved slapping, punching, pushing, and pinning. The trial court recounted these allegations at the beginning of the hearing, and Faddis' counsel cross-examined Luddy about the prior instances of violence. This satisfied the due process requirements of apprising Faddis of the nature of the allegations and affording him an opportunity to present his objections. See De Leon v. Collazo, 178 So. 3d 906, 908 (Fla. 3d DCA 2015) ("To be sufficient, notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (quotation omitted)).

As to whether there was sufficient evidence to support the injunction, Faddis misunderstands the trial court's findings. The trial court may grant a domestic violence injunction for either one of two reasons: the petitioner is the victim of domestic violence; or he or she has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence. § 741.30(6)(a), Fla. Stat. (2016). "Domestic violence," in turn, is "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated

5

stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." Id. § 741.28(2).

Here, after the evidentiary hearing, the trial court made two findings: that Luddy had "been the victim of domestic violence"; and "she's [had] cause to believe that she would be a victim of domestic violence in the future." Faddis contends that there was insufficient evidence supporting the trial court's cause-to-believe finding, but he never addresses the trial court's other finding that Luddy was the victim of domestic violence. Either finding allows the trial court to grant an injunction, and in this case, there was sufficient evidence that Luddy was the victim of domestic violence. The trial court credited Luddy's testimony that Faddis pinned her against the refrigerator, and later spanked her. This was battery by one household member on another, which is domestic violence.

For these reasons, we affirm the trial court's final judgment of injunction.

Affirmed.