# Third District Court of Appeal

## State of Florida

Opinion filed July 11, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2167
Lower Tribunal No. 17-17359
_____

**Yuniel Mejias Gonzalez,**
Appellant,

vs.

**Claudia Marin Baez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Altfield, Judge.

Yuniel Mejias Gonzalez, in proper person.

Claudia Marin Baez, in proper person.

Before ROTHENBERG, C.J., and LOGUE and LUCK, JJ.

LOGUE, J.

The appellant, Yuniel Mejias Gonzalez, seeks review of the permanent domestic violence injunction entered against him by the trial court. We affirm.

Under Florida law, "[a] trial court is afforded broad discretion in granting, denying, dissolving or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court's decision." Carricarte v. Carricarte, 961 So. 2d 1019, 1020 (Fla. 3d DCA 2007) (quoting Jackson v. Echols, 937 So. 2d 1247, 1249 (Fla. 3d DCA 2006)). The abuse of discretion standard applies to instances in which the trial court's ruling on a request for a permanent injunction rests upon questions of fact. Carricarte, 961 So. 2d at 1020. "This is particularly true where the order relies on live testimony or other evidence that the trial court is singularly well-suited to evaluate." Id. (citation omitted).

At the hearing in this case, the appellee testified to the incidents set forth in her petition for injunction. The appellee's aunt, who was present when the incidents occurred, testified and corroborated the appellee's testimony. The trial court also heard testimony from the appellant. The trial court expressly found the appellee and her aunt to be credible and found the appellant not credible. The trial court was well-suited to evaluate the testimony and, contrary to appellant's argument on appeal, nothing in the record demonstrates an abuse of discretion.

The appellant also argues that the appellee testified as to incidents that were not listed in her petition for permanent injunction and relies upon Sanchez v. Marin, 138 So. 3d 1165 (Fla. 3d DCA 2014) and De Leon v. Collazo, 178 So. 3d

2

906 (Fla. 3d DCA 2015) as bases for reversal. However, in both <u>Sanchez</u> and <u>De Leon</u>, the party against whom the injunction was sought objected to the testimony relating to incidents that were not set forth in the petition. Here, appellant failed to object to the allegedly improper testimony, and his counsel extensively cross-examined the appellee as to her testimony. <u>See</u> <u>Faddis v. Luddy</u>, 221 So. 3d 758, 759-60 (Fla. 3d DCA 2017) (concluding that by not objecting below, the appellant failed to preserve his argument that the trial court denied him due process by considering testimony regarding prior incidents not alleged in the petition). <u>Sanchez</u> and <u>De Leon</u> are therefore distinguishable and inapplicable.

Affirmed.